## SAM BASSETT LUMBER COMPANY V. CITY OF HOUSTON.

No. A-926. Decided January 15, 1947.
Rehearing overruled February 12, 1947.
(198 S. W. 2d Series, 879.)

*Bracewell & Tunks* and *J. S. Bracewell,* all of Houston, for petitioner.

It was error for the lower courts to hold that the Legislature was without power to empower a citizen to plead the statute of limitation against school taxes; that the provision of the City charter of the City of Houston forbidding the bringing of a suit to collect taxes which are more than four years past due was unconstitutional; and in their holding that it is unconstitutional for a citizen to plead the statute of limitation in a tax suit. City of Houston v. Link, 59 S. W. 566; City of San Antonio v. Johnson, 186 S. W. 866; City of Houston v. Baker. 178 S. W. 820.

*Lewis W. Cutrer,* City Attorney of Houston, and *Abe Levy,* Assistant City Attorney of Houston, for respondent.

MR. JUSTICE FOLLEY delivered the opinion of the Court.

This is a suit for taxes by the City of Houston against the petitioner, Sam Bassett Lumber Company, for city and school taxes for the years 1933 and 1934, and 1936 to 1944 inclusive. The city sued for itself and in behalf of the Houston Independent School District, as it is authorized by law to do. Upon a directed verdict the city recovered judgment for the full amount of the taxes, which judgment was affirmed by the court of civil appeals. 194 S. W. (2d) 114.

The petitioner presented three defenses against the collection of the taxes, namely: (1) That the tax assessments by the city upon the goods, wares and merchandise of the lumber company were discriminatory and invalid because certain other personal properties of the citizens of Houston, such as household furniture, bank deposits, stocks, bonds and notes, were omitted generally from the assessment rolls: (2) that because of its charter provision authorizing delinquent taxpayers to plead the four-year statute of limitations the city was without authority to sue for taxes which were delinquent more than four years before the suit was instituted; and (3) that the school taxes

for 1933 were barred by limitation under article 7298,, V. A. C. S., which was amended in 1931 so as to allow the ten-year statute to be pleaded against a suit for the collection of taxes due a school district. Each of these contentions was overruled by the trial court and the court of civil appeals.

■ The court of civil appeals held that the right of a property owner to relief against an assessment made in violation of the constitutional guaranty of equality of taxation is limited to the excess over and above the amount properly assessable on an equality basis, which is the limit expressly fixed in subdivision 3 of article 7329, V. A. C. S. We agree with this conclusion. It is settled that "the government does not lose its right to taxes justly owing on one parcel of property, by reason of the failure of its officers, either negligently or designedly, to assess other property that is likewise taxable." City of Wichita Falls v. J. J. & M. Taxman Refining Co., 74 S. W. (2d) 524, 530, writ refused; Howth v. City of Beaumont, 118 S. W. (2d) 350; Lubbock Hotel Co. v. Lubbock Independent School District, 85 S. W. (2d) 776. Thus, the fact that other property in the city was not assessed for taxation presents no defense to the suit against the petitioner for taxes not shown to be within themselves excessive.

■ The court of civil appeals also held that petitioner was not entitled to plead the four-year statute of limitations against the collection of a portion of the taxes although the city charter provides "that any delinquent taxpayer shall have the right to plead in any court and to rely as a defense upon the statute of limitation of four years in any suit brought for taxes alleged to be due the City of Houston." The court was of the opinion that such charter provision was invalid because it is in conflict with the general law of this state. In this holding the court of civil appeals was also correct. A like provision of the charter of the City of Beaumont was declared invalid by this court in City of Beaumont v. Fall, 116 Texas 314, 291 S. W. 202, because it was in contravention of articles 7298 and 7329, which specifically deny a delinquent taxpayer the right to plead any statute of limitations by way of defense against the payment of any taxes due the State, or any county, city or town.

However, we are not in accord with the conclusion of the court of civil appeals that the ten-year statute of limitations was not available as a defense against the collection of the school taxes for the year 1933. The holding was predicated upon the theory that the 1931 amendment to article 7298, allowing the

ten-year statute of limitations to be pleaded against the collection of school taxes, was invalid because in violation of the provisions of section 55 of article 3 of the Constitution of Texas as it existed in 1931 and before the same was amended in 1932.

Before the 1932 amendment the section of the Constitution in question read as follows:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any incorporation or individual, to this State, or to any county or other municipal corporation therein."

By the amendment adopted November 8, 1932, there was added to such section the following: "except delinquent taxes which have been due for a period of at least ten years."

Prior to 1929 what is now article 7298 provided only that no delinquent taxpayer should have the right to plead limitation against the payment of taxes due from him to "the State, or any county, city or town." Gen. Laws Sp. Sess. 1879, p. 15; Acts 1895, 1st C. S. p. 6; G. L. Vol. 10, p. 1052. It was amended in 1929 to also include various other taxing units which are mentioned in the present law, and provided a limitation period of six years for suits for the collection of taxes of a school district or a road district. Acts 1929, 41st Leg., 2nd C. S. p. 161, ch. 81, section 1. It was again amended in 1931 which amendment merely changed the limitation period from six to ten years in suits for delinquent taxes due school districts and road districts. Acts 1931, 42nd Leg. p. 419, ch. 252, Sec. 1.

The court of civil appeals said that by reason of the opinion of this court in Ollivier v. City of Houston, 93 Texas 201, 54 S. W. 943, it was constrained to hold that the aforesaid section of the constitution, as it existed in 1931, prohibited the Legislature from authorizing a plea of limitation in suits by a school district, and, further, that the subsequent grant of such power by the 1932 amendment of the Constitution would not validate the amendment to article 7298 theretofore enacted by the Legislature. The latter question we need not determine since we are of the opinion the limitation provision in article 7298 was valid prior to the 1932 amendment of the Constitution. We also do not agree wtih the court of civil appeals in its interpretation of the holding of this court in Ollivier v. City of Houston, supra.

■ Article 7329 was enacted in 1923. Acts 2nd C. S. 1923, p. 36. It is a general statute which provides that there shall be no defense to a suit for the collection of delinquent taxes except (1) that the defendant was not the owner of the land at the time the suit was filed; (2) that the taxes sued for have been paid; or (3) that the taxes sued for are in excess of the limit allowed by law, "but this defense shall apply only to such excess." On its face it appears to be in conflict with article 7298 relative to defenses permitted in tax suits. But since the provision of article 7298 making the defense of limitation available in tax suits by school and road districts in a specific enactment it must prevail over article 7329 dealing with the subject of defense to tax suits generally. The general rule is that when the law makes a general provision, apparently for all cases, and a special provision for a particular class, the general must yield to the special in so far as the particular class is concerned. Perez v. Perez, 59 Texas 322. This rule is based upon the principle that all acts and parts thereof must stand, if possible, each occupying its proper place, and that the intention of the Legislature is more clearly reflected by a particular statute than by a general one. Accordingly a specific act is properly regarded as an exception to, or qualification of, a general law on the same subject previously enacted. In such a case both statutes are permitted to stand, the general one being applicable to all cases except the particular one embraced in the specific act. Townsend v. Terrell, 118 Texas 463, 16 S. W. (2d) 1063.

After the passage of article 7329, but before the 1931 amendment of article 7298, this court held that article 7329 prohibited a plea of limitation as a defense to a suit for school taxes which were not barred by limitation at the time article 7329 became effective. Hereford Independent School Dist. v. Jones, 118 Texas 655, 23 S. W. (2d) 690. In the same cause, however, it was further held that since article 7329 was not enacted until 1923 it had no application to the taxes claimed for 1918 and 1921; and that the taxes for those years were barred by the two-year statute of limitations. It was also determined that article 7298, as it then existed, operated to prevent a plea of limitation only in "suits to collect taxes due the *state, county, city or town*," and was not "applicable to taxes due to school districts."

That holding was reaffirmed by this court in Richardson v. Liberty Independent School District (Com. App.), 39 S. W. (2d) 823, and in Hatcher v. State, 125 Texas 84, 81 S. W. (2d) 499.

Also, prior to the amendments of article 7298, which added

irrigation districts, levee districts and other districts to the list of taxing units against which no limitation might be pleaded in tax suits, it was held that the two-year statute of limitations was available as a defense to such suits by irrigation districts and levee districts. Texas & Pacific Ry. Co. v. Ward County Irr. Dist. No. 1, Tex. Com. App., 270 S. W. 542; Rutledge v. State, 117 Texas 342, 292 S. W. 164, 7 S. W. (2d) 1071; State v. Glenn, 118 Texas 334, 13 S. W. (2d) 337, 15 S. W. (2d) 1028.

■ Each of the above holdings was prior to the 1931 amendment of article 7298, but each was also prior to the 1932 amendment of the Constitution, and no suggestion or intimation was made that the defense of the two-year statute of limitation violated in any manner the inhibition expressed in section 55 of article 3 of the Constitution of Texas as it existed prior to its amendment. Now if in the absence of a statute denying delinquent taxpayers the right to plead limitation, the general statute of two-year limitation was available in defense of tax suits by school districts, irrigation districts and levee districts, then certainly the defense urged in this suit is available when there is not only no statute denying it but one expressly and specifically authorizing it. That the Legislature, notwithstanding the constitutional inhibitions, had the power to enact such legislation governing the collection of taxes due any taxing unit, is beyond question. Mellinger v. City of Houston, 68 Texas 37, 3 S. W. 249; City of Houston v. Stewart, 90 S. W. 49; Link v. City of Houston, 94 Texas 378, 59 S. W. 566, 60 S. W. 664; City of San Antonio v. Johnson, 186 S. W. 866. That is true, if for no other reason, simply because such limitation statutes do not release or extinguish the debt, but merely affect the remedy when its enforcement is sought. Goldfrank, Frank & Co. v. Young, 64 Texas 432; Limestone County v. Robbins, 120 Texas 341, 38 S. W. (2d) 580; Central Nat. Bank v. Latham & Co., 22 S. W. (2d) 765, writ refused; 37 C. J. 698, Sec. 18.

We do not consider the case of Olliver v. City of Houston, supra, as authority for the holding of the court of civil appeals contrary to our views expressed herein. It merely held, in answer to a certified question from the court of civil appeals, that the charter of the City of Houston empowering parties to plead limitation in suits for taxes, was in violation of the section of the Constitution in question "in so far as it affects actions by the city for taxes pending at the time the law took effect." An examination of the opinion of the court of civil appeals reveals that the majority of that court also thought the charter provision

was unconstitutional only in so far as it had the effect of relinquishing the liability involved in the pending suits, and this was because the city would lose its debt without being given a reasonable opportunity to adjust its procedure of enforcing collection in conformity with the new law. It was indicated, however, that had the city been required to sue thereafter within a prescribed time, "the validity of the act would be beyond question." 54 S. W. 940. In answering the certified question this court expressly approved the majority opinion of the court of civil appeals in the following language:

"We agree with the majority of the court in this opinion, and therefore answer the question stated in the affirmative. The majority opinion sufficiently discusses the question, and this makes it unnecessary for us to do more than announce our conclusion."

Thus this court approved the holding of the court of civil appeals that the vice in the charter provision in that case was restricted to its application to pending suits, but that as to future actions it would be valid where the city was afforded a reasonable time in which to assert and enforce its claims.

■ From the record presented we are unable to definitely determine the amount of school taxes, interest, penalties and attorneys fees for the year 1933 which were included in the recovery. Consequently, we cannot reform the judgment so as to properly exclude these items. We therefore order that the judgments of the court of civil appeals and the trial court be reversed and the cause remanded to the trial court with directions that judgment be entered for the City of Houston against petitioner for the correct amount due exclusive of the school taxes, and interest, penalties and attorneys fees due thereon for the year 1933.

Opinion delivered January 15, 1947.

Rehearing overruled February 12, 1947.