

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 11, 1949

Hon. L. A. Woods                         Opinion No. V-880.
State Superintendent
Department of Education     Re: The authority of an ex-
Austin, Texas                           officio county superin-
                                        tendent to employ an as-
                                        sistant county superin-
                                        tendent and to receive
                                        travel expenses as provid-
                                        ed in H.B. 549, Acts 51st
                                        Legislature, 1949, for a
Dear Dr. Woods:                         county superintendent.

Your request for an opinion relating to the
provisions of H.B. No. 549, Acts of the 51st Legisla-
ture, 1949, is in part as follows:

"Several Counties within this State oper-
ate with an ex-officio County Superintendent.
May an ex-officio County Superintendent avail
himself of the traveling expense provided for
County Superintendents under the provisions of
this bill, and employ an Assistant County Su-
perintendent as provided for in House Bill No.
549?"

H.B. No. 549, Acts of the 51st Legislature,
1949, which amended Article 2700, V.C.S., provides a
salary schedule for elective and appointive county su-
perintendents of public instruction and provides, in
part:

". . . . The County Superintendent, with
the approval and confirmation of the County
Board of Education, may employ a competent
assistant to the County Superintendent at an
annual salary not to exceed Forty-five Hundred
Dollars ($4500) and may employ such other as-
sistants as necessary, provided the aggregate
amount of the salaries of all assistants to
the County Superintendent shall not exceed
Seven Thousand, Two Hundred Dollars ($7,200)
per annum; provided that the counties having
a population of more than one hundred thousand

(100,000) according to the last Federal Census may employ a competent assistant to the County Superintendent at a salary not to exceed Four Thousand, Eight Hundred Dollars ($4,800) and may employ such other assistants as necessary provided that the aggregate amount of the salaries of all assistants shall not exceed Seven Thousand, Five Hundred Dollars ($7,500) annually; and said Board is hereby authorized to fix the salary of such assistants and pay same out of the same funds from which the salary and expense of the County Superintendents are paid; and the County Board of Education may make further provisions as it deems necessary for office and traveling expenses of the County Superintendent; provided that expenditures for office and traveling expenses of the County Superintendent shall not be more than One Thousand, Eighty Dollars ($1,080) per annum, and shall not be paid except upon notarized claims made upon forms filed by the County School Superintendent, and approved by the County School Board."

Article 2701, V.C.S., relates to the authority the county board to appoint an assistant to the ex-ficio county superintendent and provides for office d travel expense of the ex-officio superintendent and as follows:

"In each county having no School Superintendent, the County Judge shall be Ex-officio County Superintendent and shall perform all the duties required of the County Superintendent in this Chapter. He shall give bond in the sum of One Thousand ($1,000.00) Dollars, payable to and to be approved by the County Board of School Trustees of the respective counties and conditioned for the faithful performance of his duties. The County Board shall name or appoint an assistant to the Ex-officio County Superintendent and shall provide for office and traveling expense of the Ex-officio Superintendent. The salary of the Ex-officio Superintendent of Public Instruction, the salary of the Assistant Ex-officio Superintendent of Public Instruction and the office and traveling expenses for the office

of the Ex-officio Superintendent in all coun-
ties in Texas shall be from and after Septem-
ber 1, 1947, paid from the State and County
Available School Fund."

Article 3888, V.C.S., is as follows:

"In a county where the County Judge acts
as Superintendent of Public Instruction, he
shall receive for such services such salary
not to exceed Sixteen Hundred ($1600.00) Dol-
lars a year as the County Board of School
Trustees of the respective counties may pro-
vide. The Ex-officio Assistant Superintend-
ent of Public Instruction shall receive for
his services such salary not to exceed Fif-
teen Hundred ($1500.00) Dollars a year as the
County Board of School Trustees of the respec-
tive counties may provide.

"The County Judge while acting as Ex-of-
ficio County Superintendent of Public Instruc-
tion, for office and traveling expenses, may
receive an amount not to exceed Four Hundred
Fifty ($450.00) Dollars a year as the County
Board of School Trustees of the respective
counties may provide. The above amounts shall
be paid in the manner specified in Chapter 49,
Acts of the 41st Legislature, Fourth Called
Session, and in Chapter 175, Acts of the 42nd
Legislature, Regular Session."

Despite the fact that special provision is
made by other specific statutes authorizing an assistant
to the ex-officio county superintendent and authority
granted permitting the county board to pay office and
traveling expenses of the ex-officio county superintend-
ent, the question is whether Article 2700 as amended by
H.B. 549, Acts 51st Legislature, 1949, is broad enough
to authorize the payment of the assistant ex-officio
school superintendent's salary as well as office and
traveling expenses for the ex-officio school superin-
tendent in the amounts stated therein. It is to be not-
ed that those statutes relating to ex-officio school su-
perintendents are specific in nature. Article 2700,
V.C.S., as amended, is a general statute relating to
county superintendents. Assuming that there is a con-
flict in the statutes, the rule is well established that

where there is a conflict between the general statute and a specific statute the specific statute more clearly evidences the intention of the Legislature than the general one, and therefore, it will control. In other words, the general statute is applicable to all cases except the particular one embraced in the specific statute. Townsend v. Terrell, 16 S.W.2d 1063 (Comm. App. 1929); Flowers v. Pecos River R. Co., 138 Tex. 18, 156 S.W.2d 260 (1941); Sam Bassett Lbr. Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879 (1947). On the other hand, one statute deals with "superintendents" and the other deals with "ex-officio superintendents." The two statutes are capable of being enforced independently without conflict.

Article 3888 is a specific statute relating to ex-officio county superintendents and being a specific statute relating to this subject matter it necessarily would control relative to salaries for ex-officio school superintendents, assistants and office and traveling expenses of the ex-officio county superintendent. This is further evidenced by the fact that the emergency clause to S.B. No. 252, Acts of the 50th Legislature, which amended Article 3888, was predicated upon the theory that there was no provision in the statutes for the remuneration of an assistant to the ex-officio county superintendent as well as office and traveling expenses. Therefore, it follows by reason of the foregoing that Article 2700 is not sufficient in scope to authorize the payment of the salary of an assistant ex-officio county school superintendent as well as the traveling expenses of the ex-officio superintendent from the amounts allowed under the provisions of said Article.

## SUMMARY

Article 2700, V.C.S., as amended by Acts 51st Legislature, is a general statute applicable to county superintendents, other than ex-officio county superintendents, their salaries, traveling expenses, and assistants. Articles 2701 and 3888 are specific statutes applicable to ex-officio county superintendents, their salaries, traveling expenses, appointment of an assistant, and salary of such assistant. Therefore, these latter two Articles control the amount of traveling expenses

which an ex-officio county superintendent may
be paid and the salary of his assistant.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

:mw:bh

APPROVED

ATTORNEY GENERAL