

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

November 17, 1950

Hon. Sam Lee
County Attorney
Brazoria County
Angleton, Texas

Opinion No. V-1123.

Re: Legality of accepting delin-
quent school district or road
district taxes when the tender
omits taxes barred by limita-
tion.

Dear Mr. Lee:

Your request for an opinion presents the following ques-
tions:

"(1) Must the Tax Collector of Brazoria County,
Texas, receive a tender for payment of delinquent taxes
where the same omits payment of those taxes which
are barred by limitation under Article 7298, viz., road
district taxes and school district taxes more than ten
years delinquent?

"(2) In the event that it is held that the Tax Col-
lector must accept this tender of tax moneys, must he
issue a receipt to the taxpayer for the same?

"(3) In the event he must accept the tax moneys
and issue a receipt therefor, would the taxpayer be en-
titled to a redemption certificate if all of the taxes were
paid by the taxpayer with the exception of the common
school district or road district taxes delinquent for
more than ten years?"

Your first question has heretofore been answered by
this office in Opinion No. 0-4495 (1942), a copy of which is herewith
enclosed. The conclusions reached in that opinion compel a nega-
tive answer to your first question.

Since Opinion 0-4495 (1942) was rendered the Supreme
Court in 1947 in the case of Sam Bassett Lumber Co. v. City of
Houston, 145 Tex. 492, 198 S.W.2d 879 (1947), definitely settled the
question that Article 7298, V.C.S., is a statute of limitation which
goes only to the remedy available to the taxpayer in a suit for taxes,
and does not have the effect of releasing or extinguishing the tax
liability.

It is quite true that under the 1932 amendment to Section 55 of Article III of the Constitution, the Legislature could, if it desired to do so, release or extinguish this tax liability; but Article 7298, last amended in 1931, fixing the ten-year statute of limitation as to school district and road district taxes, does not have this effect. The Legislature, however, in 1935, pursuant to the authority granted by the 1932 amendment to Section 55 of Article III of the Constitution, did release and extinguish all ad valorem taxes due the State, county, municipality or other defined subdivision that were delinquent prior to December 31, 1919, by the enactment of Section 1 of Article 7336f, which reads as follows:

> "The collection of all delinquent, ad valorem taxes due the State, County, Municipality or other defined Subdivision that were delinquent prior to December 31st, 1919, is forever barred."

The language of this provision of the statute is quite different from the language used in Article 7298, fixing a ten-year statute of limitation as to school and road district taxes. The language of Section 1 of Article 7336f is, "The collection of all delinquent, ad valorem taxes due the State, County, Municipality or other defined Subdivision that were delinquent prior to December 31, 1919, is forever barred"; whereas, the language of Article 7298 is, "no suit shall be brought for the collection of delinquent taxes of a School District or Road District unless instituted within ten years from the time the same shall become delinquent."

An examination of the full context of prior opinions of this office, referred to in your request, do not conflict with our Opinion V-734 (1948), pertaining to drainage district taxes. This opinion was confined exclusively to drainage district taxes. As held in that opinion and the supporting authorities cited, "Such districts are created by constitutional and statutory authority, and exist separate and apart from the counties wherein they are located. . . . In the absence of some statutory authority requiring the taxpayer to pay his drainage tax, which is a separate tax and secured by a separate lien, at the same time he pays his State and County taxes, such a requirement is unauthorized, notwithstanding his drainage tax is upon the same tax roll as the State and County taxes."

Our negative answer to your first question makes unnecessary an answer to your second and third questions.

## SUMMARY

Article 7298, V.C.S., is a statute of limitation that goes to the remedy available to a taxpayer in a suit to collect school and road district taxes, and does not have the effect of releasing or extinguishing such taxes. It is therefore proper for the tax collector to refuse to accept State and county taxes without the payment of school and road district taxes assessed on the same roll even though the latter are delinquent for ten years or more.

Yours very truly,

PRICE DANIEL
Attorney General

By L. P. Lollar
Assistant

APPROVED:

W. V. Geppert
Taxation Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

LPL/mwb