

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

June 16, 1952

Hon. H. D. Dodgen
Executive Secretary
Game and Fish Commission
Austin, Texas

Opinion No. V-1464

Re: Authority of the Game
and Fish Commission to
contract for the removal
of rough fish from pub-
lic fresh waters in
counties where commercial
fishing is prohibited.

Dear Sir:

Your request for an opinion reads as follows:

"The Game and Fish Commission has had a
number of requests for permits to take rough
fish, as provided by the Acts of the 51st Leg-
islature, 1949, Regular Session, Chapter 422,
page 783, H. B. 806, and a number of such re-
quests for permits have been granted and are
now in active operation.

"Some of the requests above referred to
are for permits to allow operations in the
area affected by an Act of the 52nd Legisla-
ture, 1951, chapter 297, page 469, H. B. 44.

"Inasmuch as the latter act makes no ex-
ception for the taking of rough fish, under
permits granted by the Game and Fish Commis-
sion, we respectfully request your opinion as
to whether the Game and Fish Commission is
within its authority in granting permits pro-
vided for in the counties affected by said
H. B. 44, Acts of the 52nd Legislature."

House Bill 44, Acts 52nd Leg., 1951, ch. 297,
p. 469, reads, in part, as follows:

"Section 1. It shall be unlawful for any
person, firm, or corporation, to take or catch,
or attempt to take or catch any fish from the
fresh public waters of Raines, Wood, Van Zandt,
Henderson, Rusk, Cherokee, Nacogdoches, Houston,
San Augustine, Angelina, Sabine, Tyler, Jefferson,

Orange and Smith Counties by the use of seines or nets of any kind, or by any other means than the ordinary pole, hook and line, or common trot line or throw line, or artificial baits such as are commonly used in bait casting and fly fishing; . . .

"Sec. 2. It shall be unlawful for any person, firm, or corporation to sell, offer for sale, or possess for the purpose of sale any fish caught or taken from the fresh public waters of Raines, Wood, Van Zandt, Henderson, Rusk, Cherokee, Nacogdoches, Houston, San Augustine, Angelina, Sabine, Tyler, Jefferson, Orange and Smith Counties."

Thus, it may be seen that H. B. 44 is a local game law which prohibits commercial fishing in certain enumerated counties. Further, it should be noted that the act makes no reference to any particular type of fish.

House Bill 806, Acts 51st Leg., R. S. 1949, ch. 422, p. 783, provides in part:

"Section 1. The Game, Fish and Oyster Commission is authorized to take rough fish and turtles from any of the public fresh waters of this State by means of crews operated by the Commission or contracts entered into with individuals, through the use of seines or nets or other devices and under such rules and regulations and contracts as it shall prescribe when said Commission shall find that rough fish or turtles exist in any such waters in numbers detrimental to the propagation and preservation of game fish.

". . .

"Sec. 4. Any contractor who is by his contract authorized to use in waters of this State seines or nets or other devices which he would not be authorized to use in such waters except for said contract, or any contractor who is by his contract authorized to take rough fish from waters from which he would not be permitted to take any fish for sale except for said contract, and who retains or sells any fish, other than those rough fish specified in his contract, in violation of the law applying to the

waters in which he is operating, shall be
deemed guilty of a breach of his contract
under the provisions of this Act, and shall
be deemed guilty of a misdemeanor and pun-
ished in accordance with the law or laws
applying to the waters in which he is fish-
ing.

"Sec. 5. Rough fish and turtles re-
moved under the provisions of this Act may
be sold. Rough fish and turtles taken by
Commission operated crews may be used for
feed for hatchery fishes and all surplus
thereof shall be sold by said Commission
at the highest price obtainable. . . .

"Sec. 6. 'Rough fish' as used in this
Act shall include those fresh-water fishes
having no sporting value, the predatory, bony
or rough-fleshed species, or any species of
fish whose numbers should be controlled in
order to protect and encourage game fish;
provided, however, that the term 'rough fish'
shall not include black bass, white bass,
crappie, bream, sunfish, channel catfish or
yellow catfish, which are, for the purposes
of this Act, 'game fish.'"

The above quoted provisions demonstrate that
H. B. 806 was enacted for the specific purpose of au-
thorizing the Game and Fish Commission to provide for
the removal of "rough fish" and turtles from the public
fresh waters of Texas. The act defines "rough fish" as
any species of predatory fish which must be controlled
in order to protect and encourage the propagation of
game fish. In the interests of conservation, the Commis-
sion may remove or contract to remove turtles and certain
species of predatory fish from waters inhabited by game
fish. It is further provided that these fish may be sold
and also that they may be caught with nets and seines.

Both of these laws are conservation measures.
One is designed to clear from public fresh waters the
predatory creatures which prey upon game fish. The other
prohibits in certain counties the removal of any type of
fish on a commercial basis. The apparent conflict between
the two statutes is found in their respective provisions
concerning the sale of fish and the use of nets and seines.

H. B. 44, the more recent enactment, prohibits this, and it makes no specific exception in the case of "rough fish."

Repeals by implication are not favored by law. It is a well established rule of statutory construction that where there is a conflict between a specific statute and one of a more general nature, the specific statute more clearly evidences the intention of the Legislature and therefore is controlling, regardless of the time at which either was enacted. In other words, the general statute is applicable to all cases except the one covered by the specific enactment. Sam Bassett Lbr. Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879 (1947); Flowers v. Pecos R. Co., 138 Tex. 18, 156 S.W.2d 260 (1941); Townsend v. Terrell, 16 S.W.2d 1063 (Tex. Comm. App. 1929).

This rule may be applied to harmonize the two statutes under consideration here so that they may be enforced independently and without conflict. H. B. 806 was enacted for one specific purpose, i. e., to exterminate certain types of predatory fish and turtles. In order to carry out this program, the Game and Fish Commission is authorized to use its own personnel to remove these fish or to contract with private individuals to do so. The act specifically authorizes the sale of the fish and the use of nets and seines to catch them. It is seen from Section 4 of H. B. 806 that the statute contemplates the making of contracts for the removal of "rough fish" from waters where such fishing would otherwise be unlawful. On the other hand, H. B. 44 merely prohibits commercial fishing in several counties. It is not directed at any particular type of fish, and it is a special law only in the sense that it applies to certain enumerated counties. It is our opinion that the specific provisions of H. B. 806 prevail over the more general terms of H. B. 44, and therefore that the Game and Fish Commission may contract for the removal of "rough fish" and turtles in the counties in which commercial fishing is prohibited by H. B. 44.

## SUMMARY

H. B. 806, Acts 51st Leg., R. S. 1949, ch. 422, p. 783, authorizes the Game and Fish Commission to remove or contract to remove "rough fish," as defined in the Act, from the public fresh waters of counties in which commercial fishing is prohibited by H. B. 44, Acts 52nd Leg., 1951, ch. 297, p. 469.

APPROVED:

Ned McDaniel
State Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

CBG/rt

Yours very truly,

PRICE DANIEL
Attorney General

By *Calvin B. Garwood*

Calvin B. Garwood, Jr.
Assistant