

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

April 30, 1952

Hon. William H. Davis    Opinion No. V-1451
County Attorney
Williamson County    Re: Authority of the com-
Georgetown, Texas        missioners' court to
                      furnish at county ex-
                      pense necessary books
                      and stationery for
                      justices of the peace
                      compensated on a fee
Dear Sir:               basis.

You have requested an opinion on the fol-
lowing question:

Does the Commissioners' Court have
authority to furnish the justices of the
peace such books and stationery as are
necessary in the performance of their du-
ties at the expense of the county, or
must they be paid out of the fees of of-
fice of the justices of the peace?

You state in your request that the justices
of the peace of Williamson County are compensated on
a fee basis.

Subdivision (a) of Article 3899, V.C.S.,
provides in part:

"At the close of each month of his
tenure of office, <u>each officer named here-
in who is compensated on a fee basis</u> shall
make, as a part of the report now required
by law, an itemized and sworn statement
of all the actual and necessary expenses in-
curred by him in the conduct of his office
such as <u>stationery</u>, stamps, telephone, pre-
miums on officials' bonds including the cost
of surety bonds for his deputies, premium on
fire, burglary, theft, robbery insurance
protecting public funds, traveling expenses,
and other necessary expenses; . . . <u>The
amount of such expenses</u>, together with the

amount of salaries paid to assistants, deputies and clerks, <u>shall be paid out of the fees earned by such officer.</u>"  (Emphasis added.)

Article 3899b, V.C.S., provides in part:

". . . such books and stationery as are necessary in the performance of their duties shall also be furnished Justices of the Peace by said Commissioners Court.  Provided all purchases herein must be approved by the Commissioners Court, and must be made under the provisions of Article 1659, Revised Civil Statutes of Texas, 1925."

In 2 Sutherland, Statutory Construction (3rd Ed. 1943) 541, we find the following:

"General and special acts may be <u>in pari materia.</u>  If so, they should be construed together.  Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling."

Also, in <u>Townsend v. Terrell</u>, 118 Tex. 463, 16 S.W.2d 1063, 1064 (1929), the court said:

". . . It is only where acts are so inconsistent as to be irreconcilable that a repeal by implication will be indulged.  If there exists such conflict, then there is a presumption of the intention to repeal all laws and parts of laws in conflict with the clear intention of the last act.  This is necessarily true where both acts cannot stand as valid enactments.

"This rule of construction has found frequent and apt illustration where one of the supposedly conflicting statutes was general in its terms and the other specific.

In such a case it is universally held that the specific statute more clearly evidences the intention of the Legislature than the general one, and therefore that it will control. In such a case both statutes are permitted to stand - the general one applicable to all cases except the particular one embraced in the specific statute. . . ."

See also Sam Bassett Lbr. Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879 (1947); Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948); State v. Mauritz-Wells Co., 141 Tex. 634, 175 S.W.2d 238 (1943).

Subdivision (a) of Article 3899 requires county and precinct officers on a fee basis to make a monthly itemization of expense incurred by the officer before the enumerated expenses contained therein will be allowed. Pierson, Justice of the Peace v. Galveston County, 131 S.W.2d 27 (Tex. Civ. App. 1939). This article further provides that "such expenses shall be paid out of the fees earned by such officer," while Article 3899b authorizes "books and stationery" to be furnished justices of the peace by the commissioners' court at county expense.

Inasmuch as the relevant portion of Article 3899b is specific in nature applying to certain supplies of the justices of the peace and more clearly evidences the intention of the Legislature than the general provisions found in subdivision (a) of Article 3899 applying to all expenses of county and precinct officers, and since Article 3899b is the latest expression of the Legislature on the subject (re-enacted in 1945, as compared with Article 3899, last enacted in 1941), it is our opinion that the specific provision of Article 3899b will prevail.

Therefore, we agree with your conclusion that the commissioners' court of Williamson County is authorized to furnish books and stationery to justices of the peace at county expense as provided by Article 3899b.

## SUMMARY

Justices of the peace compensated on a fee basis may be furnished books and stationery at county expense.  Article 3899b, V.C.S.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

By *John Reeves*
  John Reeves
    Assistant

Charles D. Mathews
First Assistant

JR:mh