

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 18, 1961

Honorable Weldon Holcomb          Opinion No. WW-1171
Criminal District Attorney
Smith County                      Re:  Whether Article
Tyler, Texas                           666-17, Vernon's
                                       Penal Code, which
                                       makes the purchase
                                       of alcoholic bev-
                                       erages, etc. by
                                       persons under 21
                                       years of age,
                                       supersedes Sections
                                       12 and 13 of Ar-
Dear Sir:                              ticle 2338-1, V.C.S.

          Your request for an opinion reads in part:

          "The pertinent problem for which we are asking
     an opinion from your office involves the follow-
     ing:

          "Article 2338-1, Revised Civil Statutes of
     Texas, Section 12, in part reads as follows:

          "'If during the pendency of a criminal charge
     or indictment against any person in any court
     other than a Juvenile Court, it shall be ascer-
     tained that said person is a female over the age
     of ten (10) years and under the age of eighteen
     (18) years, or is a male person over the age of
     ten (10) years and under the age of seventeen
     (17) years at the time of the trial for the al-
     leged offense, it shall be the duty of such court
     to transfer such case immediately together with
     all papers, documents and testimony connected
     therewith to the Juvenile Court of said county
     ...'

          "Section 13, reads in part as follows:

"'. . . No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court . . .'

"The above quoted law is a part of that which was passed by the Legislature in the Acts of 1943, 48th Legislature, Page 313, Chapter 204.

"Article 666-17, Vernon's Annotated Penal Code, Volume 1A, Section 14(a), reads as follows:

"'It shall be unlawful for any person under the age of twenty-one (21) years to purchase any alcoholic beverage, and upon conviction thereof shall be fined in a sum of not less than Ten Dollars ($10) or more than One Hundred Dollars ($100). It shall further be unlawful for any person under the age of twenty-one (21) years to possess, unless such person under the age of twenty-one (21) years be a bona fide employee, as permitted elsewhere in this Act, on the licensed premises where such alcoholic beverage is possessed, or consume any alcoholic beverage in any public place unless at the time of such possession or consumption such person under the age of twenty-one (21) years is accompanied by his or her parent, guardian, adult husband or adult wife, or other adult person into whose custody he or she has been committed for the time by some Court, who is actually, visibly and personally present at the time such alcoholic beverage is possessed or consumed by such person under the age of twenty-one (21) years, and upon conviction thereof shall be fined in a sum of not less than Ten Dollars ($10) or more than One Hundred Dollars ($100).'

"This statute was passed by the Legislature in the Acts of 1955, 54th Legislature, Page 1149, Chapter 433, Paragraph 1.

"Our problem is this:  There is an apparent direct conflict between the two above quoted statutes.  The Juvenile Statute above quoted, passed in 1943, states that females under eighteen (18) and males under seventeen (17) shall not be charged with or convicted of a crime in any court.  The latter statute, 666-17, Section 14(a), states, in substance, that any person under the age of twenty-one (21) shall be fined upon conviction not less than Ten ($10) nor more than One Hundred ($100) Dollars.

"Does the latter statute passed in 1955, supersede the Juvenile Statute (1943), because Section 14 of the Act, passed in 1955, states that all conflicting laws and parts of laws to the extent of such conflict are repealed, authorize the corporation or justice courts to assess a fine in accordance with the instant statute and enforce such judgment against females under the age of eighteen (18) and above the age of ten (10), and males under the age of seventeen (17) and over the age of ten (10)?"

Prior to the passage of Article 666-17 in 1955, the sale of alcoholic beverages to a "delinquent child" (females over 10 years of age and under 18 years of age and males over 10 years of age and under 17 years of age) was illegal and imposed certain penalties upon the seller, but no effective sanction was provided against the child. The individual sale to or possession of alcoholic beverages by a child apparently did not confer jurisdiction upon the juvenile court in and of itself to support juvenile action. However, habitual use or possession by a child did confer jurisdiction under the juvenile laws and it still does.  See Art. 2338-1, Sec. 3(f), V.C.S.

In this situation the Legislature was confronted with the problem and decided to impose an enforceable sanction upon a child for a one-time use or possession of alcoholic beverages.  We have concluded that the Legislature elected to use a criminal sanction in addition to all of the present

remedies now existing under the juvenile laws and passed the act as a special exception to the general proposition that children cannot be convicted of a criminal offense. Thus the situation came about that after the passage of this act the juvenile authorities had all of the power and authority they formerly had but that there has been added the power to impose a fine and criminal proceeding upon a child for the possession and use of alcoholic beverages. We arrive at this conclusion because of the following cases:

In Ellis v. Holcombe, 69 S.W.2d 449 (Civ. App., 1934, Error Ref. May 2, 1934) the court states the general rule covering apparently conflicting statutes as follows:

> "In support of their proposition above stated, appellees cite and rely upon the well-settled statutory rule of decision that repeal of an existing statute by implication is never favored, and a repeal should only be implied when the conflict between the latter and former statutes is so positive that the purpose to repeal is manifest. The antagonism must be so pronounced that both statutes cannot stand. 'Though they seem to be repugnant, if it is possible to fairly reconcile them such is the duty of the court. A construction will be sought which harmonizes them and leaves both in concurrent operation rather than destroys one of them. If the later statute reasonably admits of a construction which will allow effect to the older law and still leave an ample field for its own operation, a total repugnance cannot be said to exist, and therefore, an implied repeal does not result, since in such cases both may stand and perform a distinct *** office.'"

Article 2338-1 is taken from the Juvenile Court Act. The purpose of which article was to substitute entirely new

proceedings in the nature of civil proceedings covering
juvenile offenders and as such it would be classed as a
"general" law.  The Texas Liquor Control Act, Article 666-1,
etc., Vernon's Penal Code, has been classed by our courts
as a "special" act.  Hallum v. Texas Liquor Control Board,
166 S.W.2d 175 (Civ. App., Error Ref. Dec. 16, 1942).  The
question therefore is whether the special act, (Texas
Liquor Control Act), can be reconciled with the general
statute (Juvenile Court Act).  Our Supreme Court in the
case of Sam Bassett Lumber Co. v. City of Houston, 145 Tex.
492, 198 S.W.2d 879 (1947), pronounced the general rule at
Page 888 when it said:

> "The general rule is that when the law
> makes a general provision, apparently for all
> cases, and a special provision for a particu-
> lar class, the general must yield to the
> special insofar as a particular class is con-
> cerned.  Perez v. Perez, 59 Tex. 322.  This
> rule is based upon the principle that all
> acts and parts thereof must stand if possible,
> each occupying its proper place, and that the
> intention of the Legislature is more clearly
> reflected by a particular statute than by a
> general one.  Accordingly a specific act is
> properly regarded as an exception to, or
> qualification of, a general law on the same
> subject previously enacted.  In such a case
> both statutes are permitted to stand, the
> general one being applicable to all cases
> except the particular one embraced in the
> special act.  Townsend v. Terrell, 118 Tex.
> 463, 16 S.W.2d 1063."

We therefore agree with your conclusion that Section
666-17, insofar as it covers minors and juveniles is an excep-
tion to the general statutes covering juvenile offenders,
Article 2338-1.  Such conclusion follows the intent of the
Legislature and allows the fining of such juvenile offenders
in order to better effectuate the intents and purposes set
out in the State Liquor Control Act.

## SUMMARY

Article 666-17, Section 14(a) which makes the purchase of alcoholic beverages, etc. by persons under twenty-one (21) years of age is an exception to Sections 12 and 13 of Article 2338-1, Vernon's Annotated Civil Statutes, and as such makes persons under twenty-one (21) years of age susceptible to fines for violation thereof.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Norman V. Suarez
Norman V. Suarez
Assistant Attorney General

NVS:bjh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Gordon Cass
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL

BY:  HOUGHTON BROWNLEE