

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 16, 1962

Mr. Darrell G. Lochte
County Attorney
Kerrville, Texas

Dear Mr. Lochte:

Opinion No. WW-1449

Re: Qualifications of Agreed
Supervisors under Article
3.06, Vernon's Texas Elec-
tion Code.

You ask whether agreed supervisors selected in accordance
with Article 3.06 of Vernon's Texas Election Code must be quali-
fied voters of the election precinct in which they may serve
as well as qualified voters of the county.

Our answer is that such agreed supervisors must be
qualified voters of the county but they are not required to
be qualified voters of the election precinct in which they
may serve.

Article 3.06 of the Election Code, in its pertinent
portion, reads as follows:

> "Any five (5) or one-fifth (1/5) of
> the candidates, whichever is less, whose
> names appear on the official ballot of
> any general, special, or primary election,
> on the day preceding the election or prior
> thereto may agree in writing signed by
> them upon two (2) supervisors who, when
> selected, shall be sworn as election offi-
> cers. Said supervisors shall be quali-
> fied voters of the <u>county</u> in which they
> may serve as such supervisors, . . ."

The requirements of this Article 3.06 are clear and
would be without question, except for the general requirement
of Article 3.03 of this Code. The pertinent portion of this
latter Article is:

> "All supervisors, judges and clerks
> of any general or primary election shall
> be qualified voters of the election pre-
> cinct in which they are named to serve.
> . . ."

The following principle of law is well established and
is applicable and determinative in this situation.

". . .The general rule is that when
the law makes a general provision, ap-
parently for all cases, and a special
provision for a particular class, the
general must yield to the special in so
far as the particular class is concerned.
Perez v. Perez, 59 Tex. 322. This rule
is based upon the principle that all acts
and parts thereof must stand, if possible,
each occupying its proper place, and that
the intention of the Legislature is more
clearly reflected by a particular statute
than by a general one. Accordingly a
specific act is properly regarded as an
exception to, or qualification of, a gen-
eral law on the same subject previously
enacted. In such a case both statutes
are permitted to stand, the general one
being applicable to all cases except the
particular one embraced in the specific
act. Townsend v. Terrell, 118 Tex. 463,
16 S.W.2d 1063." Sam Bassett Lumber Co.
v. City of Houston, 145 Tex. 492, 198
S.W.2d 879 (1947).

See also City of Austin v. Cahill, 99 Tex. 172, 88 S.W. 542 (1905);
Gabbert v. City of Brownwood, 176 S.W.2d 344 (Civ.App. 1943, error
ref.); 39 Tex.Jur. 212-213, Statutes, Sec. 114.

## S U M M A R Y

Agreed supervisors selected under authority of
Article 3.06, Vernon's Texas Election Code, are required
to be qualified voters of the county in which they may
serve but are not required to be qualified voters of the
election precinct in which they may serve.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: W. E. Allen
W. E. Allen
Assistant Attorney General

WEA:pw:jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Pat Bailey
Iola Wilcox
Gordon Zuber

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore