**Edd MUNCY et al., Appellants,**

v.

**Ralph C. JOHNSTON et al., Appellees.**

**No. 7615.**

Court of Civil Appeals of Texas.

Amarillo.

March 28, 1966.

Rehearing Denied May 2, 1966.

Thomas J. Griffith, Jr., O'Connor & Brister, Lubbock, for appellants.

Crenshaw, Dupree & Milam, Lubbock, Ben P. Ayres, Floydada, for appellees.

NORTHCUTT, Justice.

This was an action brought by Edd Muncy and others, appellants herein, in behalf of themselves and all other owners of real property situated within the Floydada Independent School District against the Floydada Independent School District, its Board of Trustees, its 1965 Board of Equalization and its tax assessor-collector, all appellees herein, seeking an order enjoining and restraining the appellees from doing any and all of the alleged acts as set out in appellants' petition and from placing a value on the property of appellants and from adopting and approving a tax roll.

Appellants alleged numerous unlawful, discriminatory, confiscatory, and arbitrary violations of the Constitution and laws of the State of Texas by the Board of Equalization as to show that the collection of taxes was not equal and uniform; that all property was not taxed in proportion to its value; did not tax many items of property that were subject to taxation and thereby taxing appellants more than they should be taxed.

Appellants filed their petition on August 4, 1965, between 4:00 and 5:00 o'clock p. m. and appellees were served with notice thereof on August 5, 1965. The Board of Equalization completed its work in connection with the 1965 tax roll except for the function of examining and approving such roll as and when prepared and submitted by the tax assessor-collector on August 4, 1965, about 11:00 o'clock p. m. The tax assessor-collector completed the 1965 tax roll and submitted such roll to the 1965 Board of Equalization and the same was approved by the Board on August 19, 1965. The collection of taxes on the 1965 tax roll commenced on October 1, 1965. Appellants did not procure any character of order upon their pleas for temporary restraining order, temporary injunction, for appointment of master, or upon either of such pleas, contained in their original petition, from any judge until October 18, 1965, at 2:30 o'clock p. m., at which time an order was entered setting a hearing on the pleas of such petition for temporary injunction and for appointment of a master for October 25, 1965, at 1:30 o'clock p. m.

Appellees filed a plea in abatement to appellants' suit insofar as the same sought temporary restraining order, temporary injunction and permanent injunction restraining appellees from completing the 1965 tax roll. The trial court sustained appellees' plea in abatement and entered an order on November 16, 1965, denying the appellants' plea for temporary injunction and for mandamus. The court's order provided that the same was made and entered without prejudice to any rights or remedies appellants might show themselves entitled upon trial of the case on the merits. From that order appellants perfected this appeal.

The appellants requested the judge to prepare and file his findings of fact and

conclusions of law. The trial judge made and filed his findings of fact and conclusions of law as follows:

### FINDINGS OF FACT

"1. I find that the 1965 Board of Equalization of Defendant Floydada Independent School District completed its work in connection with the 1965 tax roll of such District, except for the ministerial function of examining and approving such roll as and when prepared and submitted by the Tax Assessor and Collector of such District, on August 4, 1965, at 11 P. M.

"2. I find that the Tax Assessor and Collector of Defendant District completed the 1965 tax roll of Defendant District, and submitted such roll to the 1965 Board of Equalization of such District, by which Board the same was approved, all on the 19th day of August, 1965.

"3. I find that collection of taxes on the 1965 tax roll of Defendant District commenced on October 1, 1965.

"4. I find that Plaintiffs filed their Original Petition herein on August 4, 1965, between 4 and 5 o'clock P.M.

"5. I find that Defendants had no notice of the filing of Plaintiffs' Original Petition herein until service of citation on them on the 5th day of August, 1965.

"6. I find that the Plaintiffs did not procure any character of order upon their pleas for temporary restraining order, temporary injunction, and for appointment of master, or upon either of such pleas, contained in their Original Petition, from any judge having jurisdiction in the premises, until October 18, 1965, at 2:30 P.M., at which time the undersigned judge entered his order setting hearing on the pleas of such Petition for temporary injunction and for appointment of a master for the 25th day of October, 1965, at 1:30 P.M.

"7. Plaintiffs failed to exercise reasonable diligence to procure the order of a judge having jurisdiction in the premises upon their pleas for temporary restraining order, temporary injunction, and a master herein.

### CONCLUSIONS OF LAW

"1. Plaintiffs having failed to procure any character of order from any judge having jurisdiction in the premises upon their pleas for temporary restraining order, temporary injunction, and for appointment of master in chancery, or upon either of such pleas, until October 18, 1965 and long after completion of the work of the Board of Equalization upon the 1965 tax roll, completion and approval of such roll, and commencement of collection of taxes upon such roll, such pleas have become moot, and the plea in abatement of Defendants to such pleas must be sustained."

■ Appellants contend by their first point of error the court erred in its findings of fact 1, 5, 6 and 7 because there was no evidence to support such findings. In considering the contention of no evidence we must consider whether there is any evidence of probative value which with the inferences that may be properly drawn therefrom will reasonably support the findings. The trial judge was the judge of the facts proved and also the inferences drawn therefrom, provided such inferences were not unreasonable. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273; Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616.

■ By appellants' second point of error it is contended in the alternative that the trial court erred in making its findings of fact 1, 5, 6 and 7 for the reason the same was contrary to the preponderance of the evidence. In considering the findings of the court being contrary to the pre-

ponderance of the evidence we must consider and weigh all of the evidence in the case and to set aside the holding and remand the case for a new hearing if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. We are of the opinion that the above-mentioned undisputed record is such as to sustain the finding of the trial judge as to findings 1, 5, 6 and 7 and is not contrary to the preponderance of the evidence. We overrule appellants' first and second points of error.

■ It is the contention of appellants by their third point of error that the court erred in holding that appellants failed to exercise reasonable diligence since the evidence shows that any failure to obtain orders was the failure of the judiciary and not of the appellants. There is nothing in this record to show appellants complied with Article 4643, Vernon's Ann.Civ.St., before requesting the judge of another district to grant the injunction. Without complying with said article appellants requested the administrative judge to appoint a judge to act in the matter. Judge Ellis was appointed to hear the matter herein involved sometime after the first of October, 1965. The first and only fiat issued herein was issued on October 18, 1965, at 2:30 o'clock p. m. by Judge Ellis. We overrule appellants' third point of error.

■ By appellants' fourth point of error it is contended the court erred in concluding that the legal issues pertaining to injunction and appointment of a master in chancery were moot, such finding being in conflict with the court's judgment made without prejudice to any rights or remedies of appellants. This was a temporary injunction suit and the actions sought to be enjoined were in full force and effect before the matter was presented to a judge. In a hearing on an application for temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549; Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589. The tax roll and plan had been approved and put into effect before the application for a temporary injunction was presented to the judge. So far as the injunction was concerned all the court should do was to leave the roll and plan status quo. Any relief appellants might be entitled to should be determined upon a trial of the case on its merits. Appellants' point of error four is overruled.

The remaining points of error presented by appellants concern the failure of the trial court to grant temporary injunction and that this court should grant the injunction and failure of the court to make additional findings of facts as requested by appellants. We are not passing upon any rights appellants might have except the right to have the temporary injunction issued. It is undisputed in this record that appellees had completed the work on the tax roll and put the plan into effect and had commenced the collection of taxes upon such tax roll before appellants ever presented their request for temporary injunction to any judge.

It is stated in Whelan v. State, 155 Tex. 14, 282 S.W.2d 378, as follows:

"Of course petitioners cannot escape the payment of taxes because of the deliberate and arbitrary failure to tax bank deposits. 'The government does not lose its right to taxes justly owing on one parcel of property, by reason of the failure of its officers, either negligently or designedly, to assess other property that is likewise taxable.' City of Wichita Falls, v. J. J. & M. Taxman Refining Co., Tex.Civ.App., 74 S.W.2d

524, 530, writ refused; Sam Bassett Lumber Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879. But petitioners do not seek to escape the payment of taxes; they seek only to require a revision of the assessed valuations of their property so that they will be required to pay only the amount that is justly due and owing.

"In State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569 and City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414, we recognized that a taxpayer was entitled to a relief when by a deliberate and arbitrary preconceived plan of taxing authorities large amounts of property, owned by others, was omitted from the tax rolls. Once such a plan of taxation is put into effect, the taxpayer must assume the onerous burden of proving substantial injury, that is, that his taxes, by virtue of the omission, are excessive or substantially higher than they would have been if the omitted property had been on the rolls. City of Arlington v. Cannon, supra. It is thus that he may establish that his taxes are 'within themselves excessive' within the rule laid down in Sam Bassett Lumber Co. v. City of Houston, Tex.Civ.App., 194 S.W.2d 114, 117–118, and approved by this court in the same case. 145 Tex. 492, 198 S. W.2d 879–880. It is only thus that he may secure his constitutional right to be taxed on an equal and uniform basis with others."

See City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414 as to failure to receive injunction to prevent a taxing authority from putting such plan into effect.

We do not believe under this record the trial court could do other than deny appellants' application for temporary injunction. We have carefully considered all of appellants' points of error and overrule all of them.

Judgment of the trial court is affirmed.

CHAPMAN, J., not participating.