

# The Attorney General of Texas

August 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Sam Kelley
Consumer Credit Commissioner
P. O. Box 2107
Austin, Texas    78768

Opinion No. MW-511

Re: Construction of article 3.53, section 8B of the Insurance Code regarding refund of unearned insurance premiums on terminated policies

Dear Mr. Kelley:

You ask what position the Office of Consumer Credit should take in enforcing the minimum refund provisions in the consumer credit chapters of the Texas Credit Code which exempt refunds of unearned credit insurance premiums of less than one dollar. V.T.C.S. arts. 5069-3.18(6), 5069-4.02(6), 5069-5.03(6), 5069-6.04(9), 5069-6A.08 (10), and 5069-7.06(8).

As described in your inquiry, confusion has arisen as a result of two 1981 enactments by the Sixty-seventh Legislature amending the provision in the Texas Insurance Code which also governs refunds of credit insurance premiums. Ins. Code art. 3.53, §8(B). While not identical in scope there is substantial overlap of credit insurance covered by consumer credit chapters of the Credit Code and the Insurance Code. Compare V.T.C.S. arts. 5069-3.01, 5069-4.01, 5069-5.01, 5069-6.01, 5069-6A.02, 5069-7.01 with Ins. Code art. 3.53, §2(A)(2).

Until the 1981 amendments, article 3.53, section 8(B) of the Insurance Code, was in complete harmony with the Credit Code in requiring refunds of all unearned credit insurance premiums of one dollar and more. In the last regular session, however, the legislature passed and the governor approved two amendments to section 8(B) of article 3.53 which raised the minimum refund requirement. House Bill No. 2198, Acts 1981, Sixty-seventh Legislature, chapter 849, at 3227, exempts refund of unearned premiums of less than three dollars. House Bill No. 2388, Acts 1981, Sixty-seventh Legislature, chapter 493, at 2109, raised the exemption to less than five dollars. We are therefore presented with three facially inconsistent requirements for unearned credit insurance premium refunds: the provisions of the Texas Credit Code, House Bill No. 2198, and House Bill No. 2388.

We need not decide whether House Bill No. 2198 or House Bill No. 2388 controls article 3.53 of the Insurance Code, since we believe the Credit Code provision prevails in any event.

In 1963, article 3.53 of the Insurance Code was re-written and enacted in its present form. That enactment contained a saving clause which stated, in part:

> The provisions of this Act shall be cumulative of, supplemental and in addition to the provisions of Senate Bill 15, as passed by the Fifty-eighth Legislature, Regular Session, 1963, entitled 'Texas Regulatory Loan Act,' and the provisions of this Act shall not in any manner repeal, amend or modify said Senate Bill 15, nor shall it be so construed, but to the contrary, this Act shall be so construed as to be consistent with the provisions of said Senate Bill 15.

Acts 1963, 58th Leg., ch. 405, at 986. Senate Bill 15, the Texas Regulatory Loan Act, referred to above, was also enacted in 1963. Acts 1963, 58th Leg., ch. 205, at 550. Clearly article 3.53 of the Insurance Code was made subordinate to the provisions of the Regulatory Loan Act.

In 1967, the Regulatory Loan Act was expressly reenacted as part of the Texas Credit Code. Acts 1967, 67th Leg., ch. 274, at 608. Generally, the Regulatory Loan Act is codified as chapter 3 of the Credit Code. V.T.C.S. art. 5069-3.01, et seq. The question becomes whether the subordination of article 3.53 of the Insurance Code continues and carries over to the Credit Code.

In enacting the Credit Code, the legislature expanded regulation of credit transactions beyond the loans covered by the Regulatory Loan Act. In doing so, however, similar stated intent and purpose were used. Both enactments were explicitly intended to establish a regulatory system to remedy the abuses which have occurred in many consumer credit transactions. See Acts 1963, 58th Leg., ch. 205, at 551; Acts 1967, 60th Leg., ch. 274, at 608, (Declaration of Legislative Intent contained in both Acts). The main extension of the Credit Code was the further classification of lender and regulated loans into a needed comprehensive code. Acts 1967, 60th Leg., ch. 274, at 609.

Due to the similar purposes of the Regulatory Loan Act and the Credit Code, it appears that the legislature's intent to subordinate article 3.53 of the Insurance Code continues. Moreover, the continued subordination is necessary to maintain the comprehensiveness of the Credit Code. If the 1981 amendment to article 3.53, section 8(B) is

allowed to override the minimum refund provisions of the Credit Code, its purpose in being the self-contained system of consumer credit regulation will be eroded.

The types of credit transactions covered by article 3.53 are different from those covered by the several chapters of the Credit Code. Article 3.53 applies generally to accident and health insurance sold in connection with credit transactions of less than five years duration, regardless of amount. Ins. Code art. 3.53, §2(2). In distinction, the several chapters of the Credit Code apply to specific types of consumer credit transactions and cover credit insurance involved in them. Chapter 3, for example, is limited in application to loans of $2,500.00 or less. While there is overlap, there clearly are certain loan transactions which are covered by article 3.53 of the Insurance Code and not by chapter 3 of the Credit Code.

Similarly, there are different areas of coverage contained in other Credit Code chapters. Chapter 4 applies to installment loans repayable in substantially equal monthly payments. Art. 5069-4.01, V.T.C.S. Chapter 5 is limited to secondary mortgage loans on real property improved by a dwelling designed for occupancy by four families or less and which are repaid in more than 90 days. Art. 5069-5.01, V.T.C.S. Chapter 6 applies to certain consumer installment sales. Art. 5069-6.01, V.T.C.S. Chapter 6A applies to retail installment sales of manufactured homes. Art. 5069-6A.01, V.T.C.S. Chapter 7 applies to retail installment sales of motor vehicles. Art. 5069-7.01, V.T.C.S. Again there will be loan transactions which will fall under the more general article 3.53 and not be covered by the Credit Code.

In addition to applying only to the stated loan transactions, the minimum refund provisions of the Credit Code are limited to the situations when the credit insurance premium is received by the person extending credit. Articles 5069-3.18(6), 5069-4.02(6), and 5069-5.03(6) of the Credit Code require refund of unearned premiums "received by the seller or holder." Articles 5069-6.04(9) and 5069-7.06(8) require refund of unearned premiums "received by the seller or holder." Article 5069-6A.8(10) requires refund of unearned premiums "received by the creditor."

Article 3.53 of the Insurance Code is not limited to situations when the insurance premium is integrated into a credit transaction. As set out in both amendments to section 8(B) of that article, it applies generally to "an amount paid by or charged to the debtor for insurance." Comparatively, the refund provisions of the Credit Code are much more specific and defined in their application.

If the legislature had intended to change the minimum refunded provision of the Credit Code, we believe it would have done so

directly. Substantial changes in the Credit Code were enacted by the legislature in 1981. Acts 1981, 67th Leg., ch. 99, at 221; ch. 111, at 273; ch. 496, at 2126; ch. 682, at 2555; ch. 707, at 2627. Since none of these amendments and new provisions changed the minimum refund provisions of the Credit Code, it is proper to conclude that no change was intended.

Sam Bassett Lumber Company v. City of Houston, 198 S.W.2d 879 (Tex. 1947), sets out the established rule for reconciling a specific statute which conflicts with a more general one:

> The general rule is that when the law makes a general provision, apparently for all cases, and a special provision for a particular class, the general must yield to the special in so far as the particular class is concerned. Perez v. Perez, 59 Tex. 322. This rule is based upon the principle that all acts and parts thereof must stand, if possible, each occupying its proper place, and that the intention of the Legislature is more clearly reflected by a particular statute than by a general one. Accordingly a specific act is properly regarded as an exception to, or qualification of, a general law on the same subject previously enacted. In such a case both statutes are permitted to stand, the general one being applicable to all cases except the particular one embraced in the specific act. Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063.

198 S.W.2d at 881.

The minimum refund provisions in the consumer credit chapters of the Credit Code are more specific in coverage than article 3.53 of the Insurance Code. The Credit Code's object of comprehensive regulation of consumer credit transactions is also more specific in the context of its coverage. Consequently, article 3.53, being more general in object and in application, must yield to the Credit Code when a credit transaction falls under the specific coverage of a consumer credit chapter. This conclusion that the Credit Code minimum refund provisions prevail is consistent with the statements of legislative intent discussed above. This opinion should not be construed as abridging in any way regulation of other aspects of credit insurance by the State Board of Insurance. See, e.g., State Board of Insurance v. Deffebach, 631 S.W.2d 794 (Tex. Civ. App. - Austin 1982, writ filed).

## S U M M A R Y

For credit transactions covered by the consumer credit chapters, subtitle two of the Texas Credit Code, all unearned credit insurance premiums must be refunded except for amounts totalling less than one dollar. V.T.C.S. arts. 5069-3.18(6), 5069-4.02 (6), 5069-5.03(6), 5069-6.04(9), 5069-6A.8(10), 5069-7.06(8). These requirements are unaffected by the 1981 amendment to article 3.53, section 8(B) of the Texas Insurance Code.

Very truly yours,

MARK    WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jeff Hart
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jeff Hart
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood