## GRANT et al. v. ELLIS.*
### No. 9482.

Court of Civil Appeals of Texas. Galveston.
Dec. 10, 1930.

Rehearing Denied Jan. 8, 1931.

W. J. Alexander, of Caldwell, for appellants.

W. M. Hilliard, of Caldwell, for appellee.

---

PLEASANTS, C. J.

This is a suit by the appellee against the appellants, who are the county judge and members of the commissioners' court of Burleson county, to establish his claim against the county and require its allowance by defendants for the sum of $1,044 fees alleged to be due him for services rendered by him as district clerk in a number of suits for delinquent taxes brought by the county, which fees were adjudged in favor of appellee against the county in the suits in which they accrued.

The defendants answered by excepting to the petition on the ground that the fees claimed by appellee accrued to him under article 7332 of our Revised Statutes (1925) in suits brought in the name of the state of Texas against the numerous parties named in plaintiff's petition to recover delinquent taxes due the state and the county of Burleson, and that neither the defendants nor the county of Burleson are liable to plaintiff for such fees, because of the provision of article 7333 of said Statutes.

The defendants further answered by general denial, and by special plea setting up the facts alleged in their exception to the petition, as a defense to plaintiff's suit.

The following are the agreed facts upon which the case was tried in the court below:

"On the 4th day of October, 1926, and at various times theretofore and thereafter the County Attorney of Burleson County, Texas, then A. B. Gerland, by order of the Commissioners Court of Burleson County, Texas, filed suits for the collection of delinquent taxes against numerous citizens of Burleson County, Texas, said suits being numbered from 1 to 1461, inclusive, and Relator was required as district clerk in and for said county to file said suits and issue all processes in said suits.

"Each and all of said suits were based on the legal and valid acts of the various officers of Burleson County, Texas, which were necessary in getting the suits properly before the said district court of Burleson County, Texas; all of such taxes alleged to be delinquent in said suits were delinquent and were due said County and State as alleged in each of said petitions, and the tax liens on the various tracts of land involved in said suits were valid and subsisting liens against said land for securing the taxes and costs involved in each suit, and nothing to have prevented the State and County proceeding to judgment.

"Relator did everything and performed every service required of him as said district clerk in each and all of said tax suits, and the total cost accruing to Relator in all of said cases is the sum of $1,044.00.

"On or about May 27, 1929, Respondent entered into a contract with L. R. Carter &

---

*Writ of error granted.

Company by which L. R. Carter & Company undertook to collect all the State and County taxes delinquent in Burleson County, Texas, and agreed to dismiss the pending suits, and at the instance and request of said L. R. Carter & Company, W. J. Alexander, as County Attorney in and for Burleson County, Texas, and by order of the Commissioners Court of Burleson County, and attorney for Respondents appeared in the district court of Burleson County and moved the court to dismiss all of the aforementioned suits for delinquent taxes in order to enable said L. R. Carter & Company to proceed with the collection of said taxes, said suits were so dismissed for the purpose of enabling said Carter & Company to collect such taxes without payment of the court costs, and in assisting them to so collect such taxes without the payment of such court costs.

"In the judgment dismissing such suits the court ordered that all costs incurred in the bringing of such suits be paid by said Burleson County, Texas, and further ordered that Relator make out his account against said Burleson County, and file the same with Respondents, together with a certified copy of said judgment.

"On the 10th day of August, Relator filed his said account and the certified copy of said judgment with Respondents, and said account for said $1044.00.

"On the 1st day of October, 1929, said Commissioners Court, Respondents herein, rejected said claim upon the ground that such judgment was void and violated the provisions of R. S. 1925, art. 7333.

"That all of the material allegations in Relator's original petition are admitted to be true.

"All the necessary things incident to the filing of such tax suits and incident to the getting of such tax suits ready for trial, had been met and complied with up to the time of the dismissal of said suits by the officers of the court, including the work of the Relator herein as district clerk, all of the officers' costs, including the Relator's costs as district clerk, had accrued and was due at the time of the dismissal of the suits, and the taxes were due upon each respective tract of land upon which suit was filed.

"The respondents are contesting this suit only on the ground that the Law article 7333 prevents them from paying the said cost."

Upon these facts the court below rendered judgment in favor of appellee establishing his claim against the county of Burleson and directing the appellants to allow it as a valid claim against the county.

Under appropriate assignments and propositions, appellants very earnestly contend that the trial court erred in not holding that the county could not be held liable for the fees due appellee on the delinquent tax suits brought by the county, because article 7333 of our Revised Statutes (1925) expressly provides that the county shall not be liable for such fees; and in not holding that the judgments of the district court against the county for such fees rendered in the several tax suits, in which the fees accrued, were void.

We think neither of these contentions is sound. Article 7333, above cited, is as follows:

"In each case such fees shall be taxed as costs against the land to be sold under judgment for taxes, and paid out of the proceeds of sale of same after the taxes, penalty and interest due thereon are paid, and in no case shall the State or county be held liable therefor."

■■ If the tax suits had been tried and judgment rendered upon the merits in each case, this statute would have plainly forbidden any judgment against the state or county for any fees allowed the officers of the court under article 7332 of the statute. But we do not think article 7333 should be construed as requiring the court in which a suit for delinquent taxes is brought to permit a county to compromise and dismiss such suit without the payment of costs due the officers of the court.

■ According to the agreed statement of facts, the appellee had faithfully and efficiently performed the services required of him by the statute and earned the fees allowed by the statute; the defendants in the various tax suits were liable for the taxes claimed and these taxes were secured by valid liens upon the lands of the defendants for which foreclosure was asked in the suits. In this situation, when the county asked that its suits be dismissed, for the purpose of collecting all of the delinquent taxes due the state and county through agencies other than the courts, we do not think the statute should be construed as inhibiting the district court from adjudging, as it did in each of these cases, that the county should pay the fees due appellee. The principles of justice are just as binding upon governments as upon the citizens. The appellee had earned his fees and was entitled to a judgment against the defendants in the tax suits therefor with a foreclosure of the tax liens upon the lands of the defendants against which the taxes were assessed. The dismissal of the suits by the county deprived appellee of his right to collect his fees from the defendants in the various suits, and the county should not be permitted for purposes of its own, however laudable, to deprive the appellee of this right without becoming liable for his fees.

■ If, however, we are wrong in this construction of the statute, the judgments of the district court, rendered in the various tax suits against the county for appellee's fees, while erroneous, were not void nor subject to

collateral attack, and not having been appealed from by the county cannot be questioned by appellants in this suit. Murchison v. White, 54 Tex. 78; Sutherland v. De Leon, 1 Tex. 250, 46 Am. Dec. 100; Watson v. Hopkins, 27 Tex. 637.

These conclusions require that the judgment of the trial court should be affirmed, and it has been so ordered.

Affirmed.