## GRANT et al. v. ELLIS.
### No. 1566—5909.

Commission of Appeals of Texas, Section A.
June 9, 1932.

W. J. Alexander, of Caldwell, for plaintiffs in error.

W. M. Hilliard, of Caldwell, for defendant in error.

CRITZ, J.

This suit was filed in the district court of Burleson county, Tex., by F. A. Ellis against G. W. Grant, county judge of said county, and all of the other members of the commissioners' court, to establish a claim against the county in the sum of $1,044, and require its allowance. Trial in the district court resulted in a judgment for Ellis as prayed for. On appeal this judgment was affirmed by the Court of Civil Appeals. 35 S.W.(2d) 460, 461. Grant et al. bring error.

We shall hereafter refer to Ellis by his name and to Grant et al. as the county.

■ We are met on the threshold of this case with a motion by Ellis to dismiss this appeal. We presume it is intended by the motion to move the dismissal of the writ of error. As we understand the motion, it is based on the contention that the application for the writ fails to state the nature of the case as required by Supreme Court Rule No. 1. We are of the opinion that the application, taken as a whole, sufficiently states the nature and result of the suit for us to intelligently understand and decide the issues of law involved. Under the practice of the Supreme Court this is sufficient to confer jurisdiction. Furthermore, it is not our practice to be technical in passing on the sufficiency of the application.

The record before us shows that on, before, and after October 4, 1926, the county attorney of Burleson county, Tex., acting on instructions from the county, filed 1044 suits for delinquent taxes against numerous parties. Ellis, who was district clerk of the county, discharged the duties required of him by law in filing such suits and issuing process thereon. He would have earned certain fees had the suits resulted in judgments for the state. After the above suits were filed, the county made a contract with certain parties to collect its delinquent taxes, and in such contract agreed to dismiss the instant suits.

In conformity with the above contract, the county ordered the county attorney to dismiss the suits. Acting on such order, the county attorney appeared in the district court and moved the court to dismiss all of the above mentioned tax suits. Acting on the motion of the county attorney, the district court entered its order and decree in each and all of the above suits dismissing the same, and in such orders adjudged all costs, and fees taxed as costs, involved therein against Burleson county, and further ordered that the officers entitled thereto should make out their respective accounts against the county and file the same, together with a certified copy of the judgments with the commissioners' court. No appeal was prosecuted from the above judgments. Indeed, we hardly see how an appeal could be prosecuted to litigate costs only.

Ellis complied with the terms of the judgment by filing his account, together with the certified copies mentioned, with the commissioners' court. The commissioners' court rejected the account and this suit followed. We refer to the opinion of the Court of Civil Appeals for further statement.

■ The county contended in the trial court and Court of Civil Appeals, and now contends, that the judgments of the district court adjudging costs against the county in dismissing the several original tax suits were and are absolutely void, and therefore can form no basis for the claims here asserted against it. We sustain this assignment.

The statutes directly involved are articles

·7332 and 7333, R. C. S. of Texas 1925. These statutes read as follows:

"Art. 7332. The county attorney or district attorney shall represent the State and county in all suits against delinquent taxpayers that are provided for in this law, and all sums collected shall be paid immediately to the county collectors. In all cases the compensation for said attorney shall be five dollars for the first tract in one suit, and one dollar for each additional tract involved in the same suit; provided, that those county attorneys who have or may institute said suits shall be entitled to an equal division with their successors in office of the fees allowed herein on all suits instituted by them where the judgment has not been obtained prior to the vacation of their office. The sheriff shall be entitled to a fee of one dollar for selling and making deed thereto to each purchaser of land that he sells under judgment for taxes; and for executing citation he shall receive the same fees allowed by law for similar services in tax suits. The district clerk shall be entitled to a fee of one dollar and fifty cents in each case to be taxed as costs of suit. The county clerk, for making out and recording the data [date] of each delinquent assessment and for certifying same in the minutes of the commissioners court and for all other services rendered in such suits shall receive the sum of one dollar. Where such suits are brought against delinquents to recover taxes due by them to the State and county, and the said delinquent pays the amount of tax, interest, penalties, and all accrued costs to the county collector during the pendency of such suit, then the county attorney shall receive as compensation therefor two dollars for the first tract and on dollar for each additional tract embraced in said suit; and the district clerk shall receive only one dollar in each case; but these fees shall be paid in lieu of the fees provided for officers where such suits are brought as herein provided. All fees provided for the officers herein mentioned shall be in addition to fees allowed by law to such officers, and shall not be accounted for by said officers as 'fees of office.'

"Art. 7333. In each case such fees shall be taxed as costs against the land to be sold under judgment for taxes, and paid out of the proceeds of sale of same after the taxes, penalty and interest due thereon are paid, and in no case shall the State or county be liable therefor."

It will be noted that article 7332, supra, provides certain fees in tax suits for the various officers concerned. This statute prescribes the fee of the district clerk.

It will be noted that article 7333, supra, expressly provides that in each case such fees, meaning the fees provided for in article 7332, supra, shall be taxed as costs against the lands, etc. It is then expressly provided, "and in no case shall the State or county be liable therefor." This language certainly evidences a direct legislative intent to expressly prohibit the rendition of any judgment against the state or county for costs, or fees classed as such. It therefore follows that when the district court in dismissing the original tax suits here involved attempted to decree costs against the county, he not only acted without authority of law, but on the other hand attempted to enter a decree expressly prohibited by law. Such a decree is not merely voidable, but utterly void, and can be attacked in a collateral proceeding. 34 C. J. 531, 532. We quote and adopt the following rule announced by the above authority: "Where the Constitution or a statute absolutely prohibits a court from doing a particular act, the order or judgment of the court made or rendered in violation thereof is absolutely void for want of jurisdiction and may be assailed in a collateral proceeding."

Under the above ruling the judgments of the district court adjudging these fees as costs against the county in dismissing the tax suits were and are absolutely void because prohibited by statute. It follows that such judgments can form no basis for a valid claim against the county.

The Court of Civil Appeals holds that the judgments against the county for costs rendered in the various tax suits at most are merely erroneous but not void, citing Murchison v. White, 54 Tex. 78; Sutherland v. De Leon, 1 Tex. 250, 46 Am. Dec. 100; Watson v. Hopkins, 27 Tex. 637. We have examined these authorities, and in our opinion none of them are authorities for holding contrary to the rule above announced by us.

The Court of Civil Appeals further holds: "According to the agreed statement of facts, the appellee had faithfully and efficiently performed the services required of him by the statute and earned the fees allowed by the statute; the defendants in the various tax suits were liable for the taxes claimed and these taxes were secured by valid liens upon the lands of the defendants for which foreclosure was asked in the suits. In this situation, when the county asked that its suits be dismissed, for the purpose of collecting all of the delinquent taxes due the state and county through agencies other than the courts, we do not think the statute should be construed as inhibiting the district court from adjudging, as it did in each of these cases, that the county should pay the fees due appellee. The principles of justice are just as binding upon governments as upon the citizens. The appellee had earned his fees and was entitled to a judgment against the defendants in the tax suits therefor with a foreclosure of the tax liens upon the lands of the defendants

against which the taxes were assessed. The dismissal of the suits by the county deprived appellee of his right to collect his fees from the defendants in the various suits, and the county should not be permitted for purposes of its own, however laudable, to deprive the appellee of this right without becoming liable for his fees."

We think the above holding is erroneous. The statute above quoted is clear and mandatory in its terms. It absolutely prohibits any liability on the part of the state or county for the fees here involved. Certainly the commissioners' court has no power to set aside the plain terms of the statute either directly or indirectly.

We recommend that the judgments of the Court of Civil Appeals and district court be both reversed, and judgment here rendered for the county.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiffs in error, as recommended by the Commission of Appeals.