

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

**ATTORNEY GENERAL**

Hon. Geo. W. Cox
State Health Officer
Austin, Texas

Opinion No. O-1278
Re: Should the State Registrar file
and record an adoption decree in a
case where the petitioners for adop-
tion are Negroes and the children to
be adopted are shown by their birth
certificates to be white.

Dear Mr. Cox:

  Your letter of August 15 addressed to the Attorney
General, in which you request the opinion of this department
upon the above captioned question, has been received.

  In order that the facts upon which you desire such
opinion may be fully disclosed, we quote from your letter as
follows:

  "There has been submitted to the State Regis-
trar an adoption decree to be filed under Rule
47A, Article 4477, R.C.S., as amended in 1939.

  "According to the adoption decree, No. 25874-A,
issued by the District Court, Tarrant County, Texas,
96th Judicial District, Antonio Maceo Johns and
wife, Mary White Johns, adopt Antonio Maceo Johns,
Jr., and Mary Louise Johns.

  "According to the affidavits of Cecil F. Hubbert,
these two children are the children of Zada Hudson
Oxford. According to the certificates filed by A. M.
Johns, the adopting father, he and his wife are ne-
groes, while according to the original birth certifi-
cates of the two children, born on June 28, 1937, to
Zada Hudson Oxford, these two children are white.

  "I have before me Section 8, Article 46A, R.C.S.,
and I am asking your advice as to whether this adoption
decree could be accepted by the State Registrar and
should a certified copy of the records be issued.

  "Photostatic copies of the adoption decree, the
birth certificates filed by A. M. Johns, the affidavit
made by Cecil M. Hubbert, and the original birth rec-
ords filed with the State Bureau on July 12, 1937, are
enclosed."

The certificates enclosed with your letter, and referred to therein, disclose that the children in question are twins, and that they were born of white parents, namely, Zada Hudson Oxford, mother, and Marion Oxford, father, and that the petitioners named in the adoption proceedings are negroes.

Section 1 of Article 46a, Revised Civil Statutes, provides, in part, as follows:

"Any adult resident of this State may petition the District Court in the District of his residence or in the District of the residence of the child to be adopted for leave to adopt a minor child; such petition shall set forth the facts relevant to petitioner and child, and be verified by the affidavit of the petitioner. . ."

Section 8 of Article 46a, Revised Civil Statutes, reads as follows:

"No white child can be adopted by a negro person, nor can a negro child be adopted by a white person."

The facts regarding the race of petitioners in the adoption proceedings and of the minors who were purportedly adopted are not disclosed in the court's decree, and it may safely be inferred that such facts were unknown to the judge presiding. The only material question, therefore, which arises is as to whether or not this decree is void and that it may be so shown by facts outside the record in a collateral attack on the judgment. You are advised that it is the opinion of this department that the decree is absolutely void, and that the facts which make the judgment void may be shown dehors the record in a collateral attack.

The Article of the statute just quoted is mandatory, which means that a District Court is absolutely forbidden by the provisions of this statute to render a decree of adoption in a case where the petitioners are Negroes and the children to be adopted are white persons. Errors committed by a court in pronouncing a decree in respect to a matter which the court is forbidden by law to adjudicate is fatal to the judgment, for the reason that the court did not have the judicial power to render the decree which it did render, and notwithstanding that the facts which made the judgment void were unknown to the court.

Usually a decree rendered by a court of competent jurisdiction is immune to collateral attack. This rule is subject to well defined exceptions, and one of these is that the rule does not obtain when a court of general jurisdiction exercises

special powers or limited jurisdiction with respect to certain particular subjects. Examples of these are judgments of a district court removing the disabilities of minors or married women. In this case the court, in pronouncing the decree of adoption, was exercising a special or limited jurisdiction, and all the facts which called into existence the power of the court to render such a decree must be shown in the record in any event to entitle the judgment to the usual presumptions of verity.

In this case the judgment not only did not disclose the race of the petitioners or of the children to be adopted, but it did not set forth the residence of the petitioners or of the said two children; whereas, the exhibits attached to your letter indicate that the petitioners resided in Harris county and that the minor children resided in Upshur county at the time the decree was rendered. The failure of the decree to recite these jurisdictional facts is merely an additional reason for holding that the decree is subject to collateral attack, and is in no wise a limitation upon the doctrine well supported by authorities that a judgment forbidden to be rendered by positive law, or one in which the court was without judicial power to act, is absolutely void and may be shown so to be at any time in a collateral attack. This doctrine is well stated in Freeman on Judgments (5th Ed.), Section 354, from which we quote as follows:

"This well-established doctrine that a judgment beyond the court's power is invalid, is not limited in its application to any particular kind of judgment nor is it peculiar to the judgments of any particular court. Irrespective of the character or dignity of the tribunal pronouncing the decision, whether of inferior, limited or superior general jurisdiction, it must confine its determination within the authority it possesses under the law and the case. _If the court is exercising special statutory powers the measure of its authority is the statute itself, and a judgment in excess thereof is null and void and subject to collateral attack, a rule which finds frequent application in the case of probate judgments._" (Italics ours.)

The Supreme Court of Texas has announced the same doctrine in several well considered cases. Among these is Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633, 66 A.L.R. 916, in which the Court held a judgment of a county court to be void and subject to collateral attack which undertook to direct the sale of a homestead of a deceased person for the purpose of paying the ordinary debts of the intestate. The Court, speaking by Cureton, C.J., said:

"It is too plain for argument that a probate court in dealing with the subject of the sale of a homestead is not acting under its broad general powers as a probate court, in aid of which the usual presumptions apply, nor under its common law powers, but is acting within a specially limited field of jurisdiction declared by the Constitution and statutes. These limitations are binding on the courts, and they have no jurisdiction to order the sale of a homestead except within the limitations permitted. So, then, under the general rule, the jurisdiction of a probate court to sell a homestead must appear of record, or the facts may be shown in another forum."

See also Grant vs. Ellis (Comm.App.) 50 S.W.(2d) 1093; State Mortgage Corporation vs. Traylor, 120 Tex. 1481, 36 S.W. (2d) 440; Templeton vs. Ferguson, 89 Tex. 47, 33 S.W. 329; Easterline vs. Bean (Comm.App.) 49 S.W. (2d) 427. 25 Tex.Jur., Sec. 322, p. 838, and Sec. 335, p. 873.

The adoption decree in question being void for all purposes, we advise that you refuse to register the same.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. F. Moore
Wm. F. Moore, First Assistant

APPROVED AUG 24, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

WFM:FG:wb