**Gould WHALEY, Appellant,**

v.

**NOCONA INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 16117.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 23, 1960.

Rehearing Denied Oct. 21, 1960.

Donald & Donald and J. M. Donald, Bowie, for appellant.

E. G. Aycock, Fort Worth, for appellee.

RENFRO, Justice.

The Nocona Independent School District sued and obtained judgment against Gould Whaley for delinquent taxes.

The District's petition was full, complete, met all statutory requirements, and included an allegation that all things required by law to be done had been duly and legally performed by the proper officials

Plaintiff offered in evidence the renditions filed by defendant, the assessment rolls and the delinquent tax records concerning defendant's property for the years involved.

Defendant plead and offered proof that certain valuation figures which appeared in his rendition forms had been penciled through and higher figures penciled in the margins of the forms; that in his opinion the value was too high, and thus that the burden of proof was on plaintiff to prove that the values were legally increased.

■ The introduction of the official records made a prima facie case as to every material fact necessary to the establishment of the District's cause of action. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569; Corbett v. State, Tex.Civ.App., 153 S.W.2d 664.

■ The decisions of the Tax Board in the matter of valuations are quasi judicial in nature and a collateral attack cannot be justified in the absence of fraud, or something equivalent thereto; lack of jurisdiction; an obvious violation of the law; or the adoption of a fundamentally wrong principle or method, the application of which substantially injured the complainant. Druesdow v. Baker, Tex.Com.App., 229 S.W. 493; Doneghy v. State, Tex.Civ. App., 240 S.W.2d 331; State v. Whittenburg, supra.

■ The burden, after introduction of the necessary official records by plaintiff, then rested on defendant to go forward with proof which would meet the requirements of law for avoiding the valuation. State v. Whittenburg, supra; City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414. Defendant offered no such proof.

■ Defendant also contends the court erred in permitting plaintiff to file its second amended petition less than seven days before trial of the case. Rule 63, Texas Rules of Civil Procedure, provides that leave shall be granted for amendments to be filed within seven days of trial unless there be a showing that such amendment will operate as a surprise to the opposite party. The court in its judgment found that defendant was not surprised by the filing of the amended petition. We find nothing in the record to the contrary, and hence find nothing to indicate that the trial court abused his discretion in allowing such amendment to be filed.

Judgment affirmed.