

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 6, 1962

Honorable R. E. (Dick) Rudeloff
County Attorney
Bee County
Beeville, Texas

Opinion No. WW-1488

Re: When delinquent tax suits
are dismissed for lack of
prosecution by the judge
of the district court in
which they are pending, on
the court's own motion,
and plaintiffs are ordered
to pay costs of court, what
are such costs, if any, and
to what fees are the various
county officers entitled?

Dear Mr. Rudeloff:

You have asked the opinion of this office as to the
payment of fees to district clerks, sheriffs, county at-
torneys and other officers when a delinquent tax suit has
been dismissed for lack of prosecution, by the judge of the
district court in which such suit is pending, on the court's
own motion, and plaintiffs are ordered to pay costs of court.

Article 7332, Vernon's Civil Statutes, establishes
the fees payable to the various officers. Article 7333,
Vernon's Civil Statutes, further provides that such fees
shall be taxed as costs against the lands to be sold on a
judgment for taxes and paid out of the proceeds of sale of
same, after the taxes, penalty and interest due therein are
paid, and in no case shall the State or county be liable
therefor. It is thus clear that if the various officers are
to receive fees, they can only come from the sale of the lands
certified as being subject to delinquent tax sale. Grant v.
Ellis, 50 S.W.2d 1093 (Comm.App., 1932). Also see Attorney
General's Opinion No. O-2938 (1941), a copy of which is en-
closed.

In the facts submitted in your opinion request, you
state that the delinquent tax suits involved were filed by
the Beeville Independent School District. Article 7343,
Vernon's Civil Statutes, governs the fees payable in such

circumstances. Article 7343 makes applicable the rules set forth in Articles 7332 and 7333. Therefore, an independent school district or common school district has the same exemption from liability for costs as does the State and county. Electra Independent School District v. Waggoner Estate, 140 Tex. 483, 168 S.W.2d 645 (1943); Sour Lake Independent School District v. Easterling, 142 S.W.2d 237 (Civ.App., 1940, error ref.); Whelan v. State, 254 S.W.2d 558 (Civ.App., 1953, no writ history).

Although the district court has dismissed the delinquent tax suits for want of prosecution and has entered judgment assessing costs against the plaintiff taxing authority, such judgment as to costs is void. Grant v. Ellis, supra.

After an examination of the cases cited above and other citations contained therein, it is the conclusion of this office that the costs to which the various officers of the county would be entitled in a delinquent tax suit which is prosecuted to final judgment and sale, may not be collected when such suit is dismissed.

SUMMARY

> When delinquent tax suits are dismissed and the plaintiff taxing authority is ordered to pay costs of court, such judgment of the court is void and no costs are payable.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Malcolm L. Quick
Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
Albert Pruitt
Cecil Rotsch
Sam Stone

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore