**CITY OF SAN MARCOS and San Marcos Independent School District, Appellants,**

v.

**F. W. ZIMMERMAN, Appellee.**

No. 11007.

Court of Civil Appeals of Texas.

Austin.

Oct. 31, 1962.

Rehearing Denied Nov. 21, 1962.

Ross Terry, Austin, Edward O. Wiley, Jr., San Marcos, for appellants.

Adams, Thrower, Friloux & Eddington, Houston, for appellee.

RICHARDS, Justice.

The City of San Marcos brought suit in the District Court of Hays County, Texas, against F. W. Zimmerman to recover delinquent personal property and ad valorem taxes, penalty and interest in the amount of $93.48 for the years 1956 through 1959, inclusive, which had been levied and assessed against certain automobiles owned by Zimmerman which were located at the time of the assessment within the limits of the City of San Marcos. The petition alleged the existence of a statutory lien upon the automobiles, the value of which were in excess of $500.00 and also impleaded the San Marcos Independent School District and the State of Texas and Hays County as parties defendant.

The San Marcos Independent School District as an impleaded party defendant filed its answer and cross action as cross plaintiff against Zimmerman for delinquent taxes alleged to have been levied and assessed by the District upon three automobiles owned by Zimmerman for the years 1959 and 1960 and asserted a statutory lien on each of the automobiles, the values of which were in excess of $500.00.

Zimmerman's first amended original answer in addition to a general denial alleged that there was discrimination, confiscation, arbitrariness and injury in the manner and method of assessing the taxes in question and that the statute (Art. 7147, Vernon's Civil Statutes) under which the taxes were levied was unconstitutional.

After trial to the Court without a jury the Court rendered judgment that the City of San Marcos and the San Marcos Independent School District take nothing against Zimmerman and further enjoined both the City and the District from collecting the particular taxes upon which the suit was based without prejudice to a reassessment of the taxes on a uniform and equal basis and did not assess the court costs against any of the parties to the suit.

The Court then found as facts:

"that plaintiffs have proved the necessary facts to entitle them to judgment for the taxes assessed against defend-

ant's automobiles, unless further findings foreclose them from such judgment"

but

"that while there was no concerted action or established plan on the part of the taxing authorities to tax only certain personal property, nevertheless, their inaction to follow Article 7189, requiring all properties to be taxed uniformly and equally, the singling out automobiles, among other personal property, was, in effect, discrimination"

and

"that substantial amounts of taxable personal property were not rendered nor assessed and, hence, not taxed at all by the plaintiffs."

and concluded as a matter of law:

"that the failure on the part of the taxing authorities to tax all personal property was a discrimination and thus rendered the tax against automobiles repugnant to the constitutional provision requiring taxes to be 'equal and uniform.'"

Requests for additional findings of fact and conclusions of law were filed by the City of San Marcos and the San Marcos Independent School District, and the San Marcos Independent School District filed motion for new trial, all of which were denied and the City of San Marcos and the San Marcos Independent School District have duly perfected their appeals to this Court. Appellant City of San Marcos will be hereafter referred to as the "City" appellant San Marcos Independent School District will be referred to as the "School District."

The City presents twenty six points of error. Points 1 and 2 are directed to the error of the Trial Court in rendering judgment for appellee Zimmerman since there was no proof that the City's system of taxation resulted in substantial injury to the appellee and there was no proof that appellee's taxes were excessive. Points 3 to 26, inclusive, assert error by the Trial Court in refusing appellants' requests for additional findings of fact and conclusions of law.

The School District urges six points of error, the first being that the omission of the assessment of certain other personal property from its tax rolls did not render the taxes assessed against appellee's automobiles excessive as a matter of fact because of such omission. Points 2 and 3 are directed to the Trial Court's error in rendering a take nothing judgment against it since it had established by prima facie proof all facts necessary for the recovery of a personal judgment against appellee for the taxes for the years 1959 and 1960, there being no evidence sufficient in law offered by appellee to rebut such prima facie case. Points 4 and 5 assert that the School District was entitled to judgment against appellee as a matter of law establishing and foreclosing specific statutory tax liens in its favor against each of appellee's automobiles for the taxes assessed thereon for the years 1959 and 1960. Point 6 contends that the Trial Court erred in overruling the School District's motion for the production of records and documents under Rule 167, Texas Rules of Civil Procedure.

On the trial it was stipulated that both the City and the School District were duly incorporated as political subdivisions of the State of Texas with the power of taxation under the laws of Texas and that appellee during the period involved herein was a resident within the taxing jurisdiction of both the City and the School District and was the owner of three automobiles (a) a Lincoln Continental, (b) a Volkswagen, (c) a Willys and also (d) a Hudson which was disposed of prior to the beginning of the tax year 1957; that appellee had received notice from both the City and the School District of the rendition and assessment of taxes on the automobiles; that the taxes were not paid and that appellee received delinquent tax notices pursuant to

the original notices and that the taxes were unpaid at the time of the trial; that the assessment and rendition occurred after the levy on the three automobiles and that the notice and attempted collection of taxes was had pursuant to the levy by the taxing authorities. The City offered in evidence its records showing the assessment and delinquency of taxes against appellee's automobiles (a), (b), and (d) above mentioned and the School District its records against appellee's automobiles (a), (b) and (c), appellee having stipulated that such taxes were not paid and still remained unpaid at the time of the trial.

■ By the introduction of the official records showing the assessment of taxes against the described personal property of appellee, together with his admission that such taxes had not been paid, appellants made a prima facie case for the collection of the taxes sued for and the burden then rested on appellee to present proof that would meet the requirements of law for avoiding the valuation. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, 572; East and Mount Houston Independent School District v. South Texas Lumber Company, 153 Tex. 535, 271 S.W.2d 795.

The Trial Court found that the City and School District had proved the necessary facts entitling them to judgment for the taxes assessed against appellee's automobiles unless further findings should foreclose them from such judgment, with which finding we agree. The Trial Court also found that although there was no concerted action or established plan on the part of appellants to tax only certain personal property, nevertheless their failure to follow the provisions of Art. 7189, V.C.S., which requires all property to be taxed uniformly and equally, by singling out for the purpose of taxation only automobiles and failing to assess and tax other substantial amounts of taxable personal property constituted such discrimination as to render the assessment of taxes against appellee's automobiles violative of the provisions of Sec.

1, Art. 8, Constitution of Texas, Vernon's Ann.St.

It is therefore necessary for this Court to decide (1) whether the failure of appellants to assess taxes against *all* of the personal property described in Art. 7189 which was located within their respective taxing districts while only assessing taxes against automobiles belonging to appellee and other taxpayers constituted a discrimination against appellee and if so, whether appellee had sustained the burden of proving that such discrimination had resulted in substantial injury to him or (2) that the taxes so assessed were excessive.

Appellee did not testify on his own behalf but relied upon the testimony of the City and School District Tax Collectors, the President of the School Board and appellants' attorneys called by him as adverse witnesses, and officers of two banks located in San Marcos. In summary, the testimony of these witnesses established that appellants assessed all real estate, all individual automobiles and all merchandise, furniture, fixtures and inventory of business concerns located within their taxing districts. There was evidence that bank deposits, stock, bonds, mortgages, household furniture, boats and trailers, jewelry, clothing and television sets were not rendered by the taxpayers and were omitted from the tax roll. No testimony was offered to establish the values of the omitted property either as a whole or by categories.

Appellee introduced statements of condition of two local banks which established the total amount of deposits on January 1st of the years 1957 through 1960. The evidence showed that the total bank deposits included deposits of Federal, State and local units of government, funds of charitable organizations and churches, deposits of individuals residing outside the limits of the City and School District and deposits by organizations having general offices elsewhere. No evidence was introduced to show what proportion of such bank de-

posits were legally taxable by either of appellants.

Appellee admitted that he had not rendered and was not assessed taxes against any personal property other than the automobiles involved herein. In response to requests for admissions that appellee owned two promissory notes amounting to $358,-064.00 and $16,900.00 respectively, money on deposit in the State Bank & Trust Company of San Marcos and corporate stocks and bonds appellee refused to either affirm or deny. The Trial Court having ruled that such requests be deemed admitted as true, appellee offered no evidence as to the value of these items of personal property owned by him nor did he contest the valuation of his personal property placed upon the tax rolls.

It is apparent from the record that not only bank deposits but other large amounts of personal property within the taxing districts were not assessed for taxation under the plans used by appellants. But under the uncontradicted evidence and as found by the Trial Court there was no concerted action or established plan by appellants to tax only certain classes of personal property and omit others from the tax rolls. Appellants' failure to tax bank deposits and other omitted classes of personal property can only be attributed to "nonfeasance" instead of "misfeasance" on the part of appellants. The record does not reveal that appellee made any protest or objection to the operation of the taxing plans or made any direct attack upon the taxing systems to prevent their operation by seeking relief by mandamus or injunction prior to the filing of this suit.

■■ A taxing authority does not lose its rights to taxes on one class of personal property by reason of the negligent failure of its officers to assess other property which is taxable under the law and when such plan is put into effect the recovery of taxes may only be defeated to the extent that they are excessive which must be proved by the party attacking the validity of the assess-

ment. State v. Federal Land Bank of Houston, 160 Tex. 282, 329 S.W.2d 847, 850. When a taxpayer attacks the assessment of taxes against him upon the ground that the plan or system used by the taxing authority was arbitrary or illegal, he must sustain the burden of proof not only that the plan was arbitrary and illegal but also that the use of the plan operated to his substantial injury. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, 573. Proof of substantial injury means that the taxpayer must prove that his taxes are excessive or substantially higher because of the omission of the taxable property and the failure to assess taxable property at its market value, State v. Federal Land Bank of Houston, supra, and the mere omission of property even in large amounts does not entitle other property owners whose property was assessed to have such assessment set aside. Sam Bassett Lumber Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879, 880.

It should be noted that appellee offered no evidence as to the market value of his own personal property which was not assessed by appellants or the market value of the non-assessed personal property of other taxpayers within appellants' taxing districts. The burden of proof was upon appellee to offer evidence of the true market value of the properties omitted from assessment by appellants in order to prove his injury in the assessment of his personal property.

■ Applying these rules of law to the factual situation presented by the record, it is clear that appellee failed not only to sustain his burden of proof of showing that the taxing plans used by appellants in their application to appellee resulted in substantial financial injury to him but also failed to sustain the burden of showing that the assessed valuation of his three automobiles was excessive. It necessarily follows that since the prima facie cases by both appellants were not rebutted by appellee, the Trial Court erred in rendering judgment that each appellant take nothing by its suit.

The City's points of error 1 and 2 and the School District's points of error 1, 2 and 3 are sustained. Therefore, it is unnecessary to discuss or pass upon the City's points of error Nos. 3 to 26, inclusive and the School District's point of error No. 6.

Appellee relies upon five counterpoints for affirmance of the Trial Court's judgment: first, that Art. 7147, V.C.S., the statute under which the taxes were levied, is unconstitutional; second, that his fundamental rights have been violated since the tax was repugnant to Sec. 1, Art. 8, Constitution of Texas, which provides that taxation shall be equal and uniform and that all property shall be taxed in proportion to its value which shall be ascertained as provided by law; third, that the Tax Assessor-Collector did not comply with Art. 7189, V.C.S., thereby rendering the assessment of taxes invalid; fourth, that the taxes levied were not equal and uniform as required by law; and fifth, that it was not necessary for appellee to show substantial injury as a result of the tax to render it unenforceable.

Appellee's first counterpoint that Art. 7147, V.C.S., is unconstitutional because the taxing of bank deposits would seriously damage the banking system within the State of Texas by causing mass withdrawals by depositors to avoid the impact of the tax is without merit and is overruled. Whelan v. State, 155 Tex. 14, 282 S.W.2d 378, 381. Appellee's second counterpoint is overruled. Sam Bassett Lumber Co. v. City of Houston, supra; State v. Whittenburg, supra. Appellee's third counterpoint is overruled, State v. Federal Land Bank of Houston, supra, and his fourth counterpoint is overruled, State v. Whittenburg, supra; State v. Federal Land Bank of Houston, supra. Appellee's fifth counterpoint is overruled, State v. Federal Land Bank of Houston, supra.

The School District's points of error Nos. 4 and 5 assert that it was entitled to judgment against appellee as a matter of law establishing and foreclosing a specific statutory tax lien against each of appellee's automobiles for the taxes assessed thereon for the years 1959 and 1960.

Art. 1060, V.C.S., provides a specific lien upon the personal property upon which a City tax is assessed. City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.2d 308, 309. Appellee contends that under the holding by the Commission of Appeals in Mission Independent School District v. Armstrong, Tex.Com.App., 222 S.W. 201, the provisions of Art. 1060 were adopted by reference and made available to independent school districts by the provisions of Art. 2853, R.C.S. 1911 (now Art. 2758, V.C.S.), which then read as follows:

"The trustees elected in accordance with the preceding article shall be vested with full management and control of the free schools of such incorporated town or village, and shall in general be vested with all the powers, rights and duties in regard to the establishment and maintaining of free schools, *including the powers and manner of taxation for free school purposes that are conferred by the laws of this state upon the council or board of aldermen of incorporated cities and towns.*" (Italics supplied.)

But in 1927 Art. 2758 was amended (ch. 238, Sec. 2, Acts 40th Leg. p. 353) omitting the italicized portion of Art. 2853, R.C.S. 1911, upon which the opinion of the Commission of Appeals in Mission Independent School District was based, thus repealing the statutory lien for taxes upon personal property in favor of independent school districts.

In 1935 the Legislature enacted Art. 1060a, V.C.S., which provided:

"That all of the provisions of Title 122, of the Revised Civil Statutes of Texas, of 1925, be, and the same are made available in so far as same may be applicable and necessary to all school districts and municipal corporations organized under any general or special

law of this State and which have power and authority to levy and collect their own taxes, and *that each of such corporations shall have the benefit of all liens and remedies for the security and collection of taxes due them as is provided in said Title in the case of taxes due the State and County."* (Italics supplied.)

The legislative intent in enacting Art. 1060a is emphasized by the following verbiage contained in the emergency clause:

"The fact that the existing laws as to the method of assessing and collecting taxes of independent school districts are indefinite, and the further fact that *it is doubtful as to whether or not the law at present gives such districts liens to secure their taxes,* create an emergency * * *." (Italics supplied)

Title 122, "Taxation," V.C.S., provides for a specific lien for taxes due on real property (Art. 7172, V.C.S.), but no general lien is provided upon personal property for taxes due thereon [1] and unless specifically authorized a taxing authority has only the right to sell personal property after judgment for taxes under writ of execution, the levy of which creates a lien. Maro Co., Inc. v. State, Tex.Civ.App., 168 S.W.2d 510, 512, error ref.

It is our opinion that only the City of San Marcos has a specific statutory lien for the taxes assessed against the automobiles in question under the provisions of Art. 1060, V.C.S., and that no similar statutory lien exists in favor of the School District. The School District's points of error Nos. 5 and 6 are overruled.

The judgment of the Trial Court is reversed and judgment rendered in favor of the City of San Marcos and against F. W. Zimmerman in the sum of $93.48 for personal property taxes, penalties and interest together with foreclosure of its tax lien against the following described automobiles: a 1956 Lincoln Continental (motor No. C 569-1386) and a 1958 Volkswagen (motor No. 189-7939) and in favor of San Marcos Independent School District and against F. W. Zimmerman in the sum of $76.60 for delinquent personal property taxes, penalties and interest for the year 1959 and the sum of $59.95 for delinquent personal property taxes for the year 1960. All costs of court are taxed against F. W. Zimmerman.

Reversed and rendered.

---

1. Specific tax liens not here applicable are created on personal property by Art. 7048 and Art. 7269, V.C.S.