AMERICAN EMPIRE LIFE INSURANCE COMPANY, Appellant,

v.

CITY OF AUSTIN et al., Appellees.

No. 11075.

Court of Civil Appeals of Texas.

Austin.

May 8, 1963.

Rehearing Denied May 29, 1963.

Rankin, Kern, Martinez and De La Garza, McAllen, for appellant.

Doren R. Eskew, City Atty., Thomas P. de Steiguer, Asst. City Atty., J. C. Hinsley, Austin, for appellee.

ARCHER, Chief Justice.

Appellant as plaintiff filed this suit against appellees as defendants alleging that appellees have demanded that plaintiff pay taxes based on a void and illegal assessment, and have threatened to file suit against plaintiff and will do so unless enjoined to enforce collection of taxes illegally assessed, and sought an order enjoining and mandamusing defendants to reassess taxes on all personal property in the City and Austin Independent School District for the year 1957, enjoining the defendants from collecting or attempting to collect taxes illegally levied.

The defendants filed a plea in abatement, answer and cross-action, asking the Court to dismiss the plaintiff's suit because filed too late, being filed two years and four months after the tax plan was put into effect, and a large percent of taxes for the year 1957 had been collected.

The plaintiff's suit was severed from the defendants' cross-action.

Hearing was had on plaintiff's suit and the Court sustained the plea in abatement and dismissed the case.

The appeal is founded on eight points and are to the effect that the Court erred in sustaining the plea in abatement, because it was no more than a general demurrer, and the Court was required to look alone to the facts alleged in the petition and take them as true; because plaintiff had exhausted all administrative remedies and because the assessment of the 1957 personal property taxes against plaintiff was void and unconstitutional, and plaintiff as a matter of law, on the facts set out in its pleading, was entitled to an injunction; because the suit was timely filed and the plaintiff was entitled to a declaratory action to determine the validity of the taxes, and whether plaintiff had been discriminated against, and because under the pleading is entitled to a mandamus to compel the defendants to cancel the assessment and to reassess the taxes in accordance with the law.

The appellees take the position that the plea in abatement was properly sustained because the assessment of the 1957 personal property taxes was not void, and because the suit was not timely filed, and a dismissal of plaintiff's suit was the proper procedure.

Appellant's Original Petition was filed February 10, 1960, and an Amended Petition on June 28, 1962, alleging that certain of its personal property was assessed, and that appellees omitted from assessment for taxation certain personal property of certain persons, firms and corporations, the result of a definite plan, and that appellant had appeared before the Board of Equalization and to the City Council, and no relief was obtained, but that payment of the taxes was demanded.

Appellant does not contend that its property had been assessed in excess of market value and not taxed in proportion to its value, but that the invalidity of the assessment is based on the claim that appellees failed to assess certain other properties.

The failure to assess the personal properties of various other property owners for taxation does not invalidate the assessment of other properties, and in some instances even where the failure or omission is by the design of the taxing official.

In Sam Bassett Lumber Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879, the Supreme Court said:

"It is settled that 'the government does not lose its right to taxes justly owing on one parcel of property, by reason of the failure of its officers, either negligently or designedly, to assess other property that is likewise taxable.' "

and that

"Thus, the fact that other property in the city was not assessed for taxation presents no defense to the suit against the petitioner for taxes not shown to be within themselves excessive."

■ In order to prevail, an owner attacking a plan or scheme used by the taxing authorities in fixing values for taxation, the taxpayer must not only show that the plan was an arbitrary and illegal one, but must also show that the use of such plan operated to his substantial injury. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569.

In City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414, our Supreme Court stated that the deliberate adoption of a plan for the omission from the tax rolls of a large volume of property, was in contravention of the constitutional and statutory provisions for equality and uniformity of taxes, etc., but then stated:

"Once such a plan is put into effect the litigant may defeat the recovery of taxes only to the extent that they are excessive and he must assume the burden of proving excessiveness. * * * The difficulties to be encountered in making the necessary proof as a basis for relief is the penalty the taxpayer must pay for sitting idly by while taxing authorities put into effect a plan of taxation which deliberately permits certain classes of property to escape taxation."

In Whelan v. State, 155 Tex. 14, 282 S.W.2d 378, the Supreme Court pointed out the manner in which a property owner might discharge the burden to show his injury.

The question of discrimination to a taxpayer because of the omission of properties from the tax roll is discussed in City of Orange, Texas v. Livingston Shipbuilding Company, 258 F.2d 240, Court of Appeals, 5th Circuit.

State v. Federal Land Bank of Houston, 160 Tex. 282, 329 S.W.2d 847; City of San Marcos v. Zimmerman, Tex.Civ.App., 361 S.W.2d 929, er. ref., n. r. e.

As has been noted appellant filed its suit on February 10, 1960, and the 1957 taxes became due October 1, 1957, and became delinquent on February 1, 1958, which was more than two years prior to the filing of appellant's suit.

The cases such as City of Houston v. Baker, Tex.Civ.App., 178 S.W. 820, er. ref., and City of Wichita Falls v. Cooper, Tex. Civ.App., 170 S.W.2d 777, er. ref., cited by appellant are not like the present case, since suits had been timely filed and before the tax rolls had been made up, or before the taxes were due or payable.

The plea in abatement filed by appellees was not as a demurrer or special exception but as an actual plea in abatement of the suit.

In sustaining the plea and dismissing the suit, the order of the Court reads:

"and the court having considered the same and heard the evidence relative thereto, finds that the taxes for the year 1957 were levied by the City Council of the City of Austin by Ordinance duly enacted on the 27th day of September, 1957, that the Plaintiff did not file its Original Petition in this cause until the 10th day of February, 1960, that by the time the Plaintiff's Original Petition in this suit was filed taxes for the year 1957 had been levied and assessed by Defendants and that approximately 95% thereof had been paid by the taxpayers against whom assessed,

and that by reason of such facts the Plaintiff is not entitled to prosecute this suit for the relief sought herein, * * *"

 In McDougald v. First Nat. Bank of Beaumont, Tex.Civ.App., 239 S.W.2d 145, er. ref., n. r. e., the purpose of a plea in abatement is explained.

The judgment of the Trial Court is affirmed.

Affirmed.