The CITY OF HOUSTON et al., Appellants,

v.

Glenn H. McCARTHY et ux., Appellees.

No. 14271.

Court of Civil Appeals of Texas.

Houston.

Sept. 19, 1963.

On Rehearing Oct. 10, 1963.

R. H. Burks, City Atty., G. Gordon Whitman, Sr., Asst. City Atty., B. F. Richard, Asst. City Atty., Houston, for appellants.

Franklin R. Navarro and B. Rice Aston, Houston, for appellees.

WERLEIN, Justice.

The City of Houston and the Houston Independent School District sought to recover against appellees delinquent taxes, penalties, interest and attorney's fees for the years 1951, 1953, 1954 and 1956 to 1962, inclusive. Appellants made out a prima facie case of the validity of the assessed valuations and delinquent taxes by introducing in evidence their official records. Doneghy v. State, Tex.Civ.App., 334 S.W. 2d 506, error ref., n. r. e.; Whaley v. Nocona Independent School Dist., Tex.Civ. App., 339 S.W.2d 265, error ref.; Joy v. City of Terrell, Tex.Civ.App., 143 S.W.2d 704, dism., judg. cor.; City of San Marcos v. Zimmerman, Tex.Civ.App., 361 S.W.2d 929, writ ref., n. r. e. From a judgment of the trial court in favor of appellees for all of said years except 1962, appellants have perfected their appeal.

In their first four points, briefed together, appellants contend that there is no evidence, or insufficient evidence, to show any monetary injury to appellees by reason of any illegal scheme of taxation employed by appellants and that the court erred in submitting issues with respect thereto and also erred in overruling their motions for an instructed verdict and judgment non obstante veredicto. Appellees, on the other hand, take the position that the court properly entered judgment for them since the undisputed evidence shows that appellants made no attempt to assess or collect taxes on bank accounts and savings accounts or upon household furniture and furnishings, clothing, jewelry, stocks, and bonds and other personal property in Houston, and that only 5% of such personalty was voluntarily rendered by owners, and only 15% or less of the bank accounts were tax exempt. They also assert that the jury on sufficient evidence found that appellants employed during the years 1951 to 1961 a scheme for fixing values of property for taxing purposes that was not uniform, fair and equal, and that such scheme resulted in substantial injury to appellees.

■ We agree with appellees that the evidence shows that the scheme employed by appellants for fixing values of property for taxing purposes was illegal, in that no effect was made to assess bank accounts and other personal property generally. Section 1 of Article VIII of the Texas Constitution, Vernon's Ann.St. provides that: "Taxation shall be equal and uniform. All property in this State * * * shall be taxed in proportion to its value." City of Arlington v. Cannon, 1954, 153 Tex. 566, 271 S.W.2d 414.

■ The burden was on appellees, however, to show that they suffered substantial injury as a result of appellants' failure to assess bank accounts and other personal property. It is not enough to show that an illegal system of rendering and assessing taxes was employed. In State v. Federal Land Bank of Houston, 160 Tex. 282, 329 S.W.2d 847, our Supreme Court, through Justice Greenhill, said:

"But while the Land Bank did prove an arbitrary and illegal scheme of ad valorem taxation, that fact alone under the facts here does not of itself entitle it to relief. This is not a direct attack on the scheme of taxation or a suit to prevent the initiation or operation of an illegal scheme. No relief was sought by mandamus or injunction. Here the taxpayer sat by and allowed the plan to be put into operation without even a suggestion of a protest, objection, or appeal. The County and the other taxpayers have proceeded under the plan. The point is made only after the county-wide valuations have been fixed and adjusted in the board of equalization, the taxes levied, assessed, and presumably paid by the other taxpayers in the county. Under those circumstances, the Land Bank must assume a very heavy and onerous burden."

The present case does not constitute a direct attack on the scheme of taxation or a suit to prevent the initiation or operation of an illegal scheme. No relief was sought by mandamus or injunction. The taxpayers sat by and allowed the plan to be put into operation without even a suggestion of a protest, objection, or appeal. Other taxpayers have proceeded under the plan.

The Court, in State v. Federal Land Bank of Houston, supra, also said:

"The government does not lose its right to taxes on one parcel of property by reason of the failure of its officers, either negligently or designedly, to assess other property that is likewise taxable. Once such a plan is put into effect, the litigant may defeat the recovery of taxes only to the extent that they are excessive; and he must prove the excessiveness. City of Arlington v. Cannon, 1954, 153 Tex. 566, 271 S.W.2d 414. When the attack is made because the taxing authority has followed an arbitrary plan or scheme, the taxpayer, to prevail, must show not only that the plan was an arbitrary and illegal one but also that the use of the plan worked to his substantial injury. State v. Whittenburg, 1954, 153 Tex. 205, 265 S.W.2d 569."

■■ Appellees have failed to prove by sufficient evidence that their taxes were substantially higher by virtue of the omission of the taxable personal property and the failure to assess such property at its market value. The burden was on them not only to prove excessiveness but the extent thereof. City of Arlington v. Cannon, supra; Whelan v. State, 1955, 155 Tex. 14, 282 S.W.2d 378; State v. Whittenburg, 1954, 153 Tex. 205, 265 S.W.2d 569; City of Orange, Texas v. Levingston Ship Building Co., 5 Cir. 1958, 258 F.2d 240. The jury finding that the scheme employed by appellants for taxing property resulted in substantial injury to appellees is not supported by sufficient evidence.

■ The jury also found that the failure of appellants during the years 1951 through

1961 to collect or assess taxes, or assess or collect taxes on bank accounts, savings and loan accounts, furniture, jewelry, stocks and bonds, and clothing, did not result in substantial injury to appellees, and that if the City had during such years attempted to assess and collect taxes, and had collected taxes on such personal property, appellees' tax bill would not have been lessened. The answers of the jury to these last two issues support appellants' contention that appellees failed to prove that they had suffered substantial damage as a result of the omission of appellants to assess and tax personal property generally within the jurisdiction of the taxing authorities. The findings of the jury to these two issues seem in conflict with the finding that the scheme employed by appellants resulted in substantial injury to appellees, since the main basis for the finding that the scheme employed was not uniform, fair and equal, apparently was the failure of appellants to assess and collect taxes on personal property.

The parties entered into a stipulation to the effect that appropriate officials of the various 66 banks and 16 savings and loan associations in Houston would, if present, testify as to the total amounts of money on deposit in their respective institutions as of December 31 of the years 1951 through 1961; and that other competent witnesses would testify as to the retail value of furniture, jewelry, clothing, stocks and bonds, and other personal property in Houston and owned by citizens of Houston during such years; and that such property was omitted from the tax rolls, and no effort was made to assess or collect taxes thereon; and that had such property not been omitted therefrom there would have been an increase in tax revenue available in an amount in excess of $50,000,000.00 for "a total of the years mentioned, 1951–1961."

It was not shown how much additional tax money would have been available any one year. Only the total for the eleven-year period was given and such eleven-year period included two years for which the City and School District were not seeking to recover any taxes. The record shows the tax delinquency of appellees for each year in question, and also the amount of the City budget for each of such years, but it fails to show the amount of the School District budget for any of such years. Nor does the record show how much additional money would be available each of such years for City and School District maintenance and bond service. Furthermore, there is no evidence as to the amount or value of taxable bank accounts, savings, furniture, stocks, bonds and other personal property that may have been owned by appellees, nor of the amount of additional taxes that appellees might have been required to pay each year had all of their own personal property and all personal property, except that exempt, been taxed as they contend it should have been.

In Whelan v. State, supra, the court stated that petitioners had rendered their "cash on hand" each of the years in question. The court further said: "We cannot assume that the amount so rendered did not include money on deposit in banks. If it did not that fact may be developed on another trial." We are of the opinion that since the burden of proof was on appellees to establish substantial injury, it devolved upon them to show that had the correct scheme of taxation been employed, and had all of their personal property and all other taxable personal property been assessed and taxed each of such years, the amount of their tax would have been decreased each year in some definite amount. This they failed to do. City of Orange, Texas v. Levingston Ship Building Co., supra. Moreover, they presented no testimony or evidence as to the true value of their property or that other comparable property was assessed at a lower valuation than theirs, or what their tax bill would have been had another system of rendering and assessing property been used, or how much of their taxes were not owing and should be avoided. Then, too, the jury found against appellees on their contention that the failure to assess and collect taxes

on personal property resulted in substantial injury to them, or that their tax bill would have been lessened by assessing personal property.

The law places a most onerous burden upon the taxpayer in cases like this. In City of Arlington v. Cannon, supra, our Supreme Court said: "The difficulties to be encountered in making the necessary proof as a basis for relief is the penalty the taxpayer must pay for sitting idly by while taxing authorities put into effect a plan of taxation which deliberately permits certain classes of property to escape taxation."

■ The jury found that appellants' assessed taxes for the years 1951, 1953 and 1954 were on more than the 10.143 acres owned by appellees, and that for the years 1956 to 1960, inclusive, were on more than the 8.492 acres owned by them. The evidence is insufficient to support such findings. As hereinabove stated, appellants made out a prima facie case for the recovery of the delinquent taxes in question. They alleged in their petition the correct amount of acreage upon which taxes had been assessed for each of the years involved and the amounts of delinquent taxes. Evidence was introduced showing that the taxes due were on the correct amount of acreage alleged and that suit was brought to collect delinquent taxes on the correct amount of acreage owned by appellees for the years the taxes were delinquent. The testimony of Richard G. Parks, Tax Assessor-Collector of the City of Houston and the Houston Independent School District, shows the acreage owned by appellees which was assessed during each of the years in question. There is no sufficient evidence or contention by appellees that they did not own such acreage for such years as testified to by Mr. Parks.

■ It was error to tax court costs against appellants. Under Articles 7297, 7333 and 7343, Vernon's Annotated Texas Statutes, costs accruing in a suit to recover delinquent taxes may not be charged against the taxing authority. Electra Independent School District v. W. T. Waggoner Estate, 1943, 140 Tex. 483, 168 S.W.2d 645; Lubbock Independent School Dist. v. Owens, Tex.Civ.App., 217 S.W.2d 186, writ ref.; Grant v. Ellis, Tex.Com.App.1932, 50 S.W.2d 1093. We have been furnished a certified copy of an order of the Supreme Court retaxing the costs of court in Whelan v. State, supra, and ordering that the petitioners, D. E. Whelan and R. J. Whelan, and their surety, pay all court costs expended in the Supreme Court, Court of Civil Appeals, and District Court.

Appellants contend that the trial court erred in refusing to award attorney's fees in the amount of 5% sought by appellants. The Charter of the City of Houston, which was offered in evidence, Article III, Sec. 8, expressly sets the attorney's fees sought by appellants at 5% of the judgment and directs that such amount shall be taxed as costs against the property upon which the tax is due and unpaid. Article 7345b, Sec. 6, however, under which this suit was brought and which is controlling, provides in effect that all court costs in any suit brought by or in behalf of any taxing unit for delinquent taxes, together with such reasonable attorney's fees as may be incurred, not exceeding 10% of the amount sued for, such attorney's fees to be subject to the approval of the court, shall be chargeable as court costs.

■ Appellants offered no proof as to the amount of a reasonable attorney's fee, and no objection was made to the court's charge for failing to submit such issue to the jury. They, therefore, waived attorney's fees. In view of the fact that this case must be reversed for another trial, it is pointed out that the question of the amount and reasonableness of the attorney's fees should have been submitted to the jury. Holstein v. Grier, Tex.Civ.App., 262 S.W.2d 954; Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155; Article 7345b, Sec. 6, V.A.T.S.

Reversed and remanded.

### On Motions for Rehearing

 Appellants have called our attention to the fact that we have reversed the entire judgment of the trial court, including the part thereof in favor of appellants for delinquent taxes for the year 1962, although such part of the judgment is not complained of or assigned as error by either party.

Our opinion is, accordingly, corrected and reformed so as to reverse the judgment of the trial court and remand the cause, except that part of the judgment in favor of appellants for taxes for the year 1962, penalties and interest thereon and foreclosure of their tax lien therefor, which part of the judgment will remain undisturbed.

Appellees' motion for rehearing is overruled. Appellants' motion for rehearing is in part granted and in part refused.