William Amel **FREY** et al., Appellants,

v.

**VALLEY VIEW INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 17033.

Court of Civil Appeals of Texas.

Fort Worth.

May 9, 1969.

Rehearing Denied June 13, 1969.

Friberg & Parish, and Elmer H. Parish, Wichita Falls, for appellants.

Floyd A. Hunter, Greenville, for appellee.

## OPINION

LANGDON, Justice.

The Valley View Independent School District initiated suit and was granted a summary judgment against William Amel Frey et al. for delinquent ad valorem taxes which were assessed for the year 1960. The taxes, including penalties and interest, amounted to $596.67.

On appeal the appellants contend the assessment was based upon an arbitrary determination of the value of the property in violation of Article 8, Section 1 of the Constitution of the State of Texas, Vernon's Ann.St. and since a material fact issue had been raised as to the alleged manner of assessment the summary judgment was improper.

We affirm.

It is apparent from the record that the appellee did everything required of it in presenting its case. This is evident from the pleadings, affidavits and the exhibits consisting of sworn copies of the minutes of the 1960 Board of Equalization and the tax roll for the same year.

The appellee made a prima facie case as to every material fact necessary to the establishment of the validity of the assessed valuations and its cause of action against the appellants. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569 (1954); Whaley v. Nocona Independent School District, 339 S.W.2d 265 (Fort Worth Civ.App., 1960, error refused.)

"It is now well settled that the assessment of property for tax purposes is a quasi-judicial function of boards of equalization and that no attack on valuations fixed by such boards can or will be sustained in the absence of proof of fraud, want of jurisdiction, illegality, or the adoption of an arbitrary and fundamentally erroneous plan or scheme of valuation. * * * Moreover, when their official action is attacked it will be presumed that such boards discharged their duties * * * according to law and acted in good faith. * * *

"When the attack is made because the board followed an arbitrary plan or scheme of fixing values, the taxpayer, to prevail, must show not only that the plan was an arbitrary and illegal one but also that the use of the plan worked to his substantial injury. Druesdow v. Baker, supra (229 S.W. 493); Rowland v. City of Tyler, Tex. Com.App., supra (5 S.W.2d 756); Lubbock Hotel Co. v. Lubbock Ind. School Dist., supra, 85 S.W.2d [776] at page 778, where it is said: 'A mere theory may not be litigated. * * * There must be more than the mere adoption of a fundamentally wrong principle or method of taxation. The courts grant relief upon "the adoption of a fundamentally wrong principle or method, *the application of which substantially injures the complainant.*'" State v. Whittenburg, supra.

In order to prevail it was incumbent upon the appellants to plead and to offer proof in some tangible form to show not only that the plan of assessment was arbitrary and illegal but that because of its application they sustained substantial injury. This they failed to do. The appellee was entitled to judgment as a matter of law and thus the summary judgment under the record in this case was proper.

Affirmed.